■ MELISSA IRELAND, Appellant, v CLARKSTOWN CENTRAL SCHOOL DISTRICT et al., Respondents. [619 NYS2d 847] —Casey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Meehan, J.), entered December 21, 1992 in Rockland County, which granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover damages for injuries allegedly sustained as the result of an accident between her vehicle and a school bus owned by defendant Clarkstown Central School District. Defendants moved for summary judgment, contending that plaintiff had not sustained a "serious injury" as required by Insurance Law § 5102 (d). Supreme Court granted defendants' motion and plaintiff appeals. She contends that she has met the requirements of the statute under the "consequential limitation" and "90/180" claims *(see,* Insurance Law § 5102 [d]).

In order to succeed under her consequential limitation claim, plaintiff must show that the injury she suffered was

both permanent and consequential *(see, Kordana v Pomellito,* 121 AD2d 783, 784, *appeal dismissed* 68 NY2d 848). Although plaintiff has seen four doctors and has undergone certain tests, her complaints are chiefly subjective and lacking in objective medical support. The most favorable medical report to plaintiff states that she has a mild permanent disability resulting in neck pain and spasms during marked changes in the weather, prolonged standing when she works and when physical therapy ends. Plaintiff demonstrated only a mild or slight injury rather than a permanent or significant limitation of use of a body function or system *(see, Scheer v Koubek,* 70 NY2d 678), and this showing is legally insufficient to raise a factual issue with respect to her "consequential limitation" claim *(see, Ray v Ficchi,* 178 AD2d 988, *lv denied* 80 NY2d 958).

As to her "90/180" claim, plaintiff failed to show that she "has been curtailed from performing [her] usual activities to a great extent rather than some slight curtailment" *(Licari v Elliott,* 57 NY2d 230, 236). Except for a 5 to 10-day absence from her employment immediately after the accident, plaintiff, by her own testimony, was not prevented from performing substantially all of her daily activities for a period of 90 days out of the 180 days after the accident *(see, Gaddy v Eyler,* 79 NY2d 955, 958). Supreme Court therefore correctly granted defendants' motion for summary judgment.

Cardona, P. J., White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.