■ DANIEL EISEN, Respondent, v WALTER & SAMUELS, INC., Appellant. [626 NYS2d 109] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered February 9, 1994, which denied defendant's motion for summary judgment dismissing the plaintiff's complaint, unanimously reversed, on

the law, and defendant's motion to dismiss the complaint granted, without costs.

It was error for the IAS Court to determine that plaintiff made a prima facie showing here that he had sustained a "serious injury" within the meaning of Insurance Law § 5102 (d). Plaintiff failed to set forth competent medical evidence based upon objective medical findings and diagnostic tests to support his claim that he sustained permanent loss of use of a body organ, member, function or system; instead he merely offered subjective complaints of pain, which absent other proof is insufficient to establish a "serious injury" *(Gaddy v Eyler,* 79 NY2d 955, 957; *McLoyrd v Pennypacker,* 178 AD2d 227, 228, *lv denied* 79 NY2d 754; *Deangelo v Marcia Serv. Corp.,* 199 AD2d 58; *Estrada v Holmes,* 183 AD2d 436). Plaintiff's physician's affirmations even failed to mention plaintiff's preexisting multiple sclerosis.

Nor did plaintiff raise a triable issue of fact as to whether he sustained a medically determined injury or impairment such that he was prevented from performing substantially all of his usual and customary daily activities for at least 90 of the 180 days immediately following the accident (Insurance Law § 5102 [d]; *Gaddy v Eyler, supra,* at 958; *Licari v Elliott,* 57 NY2d 230, 238; *McNair v Ofori,* 198 AD2d 47, 48; *Hutchinson v Beth Cab Corp.,* 204 AD2d 151, 152). Contrary to his claim of "serious injury", plaintiff admitted, *inter alia,* that he resumed his part-time employment within a month after the accident, which occurred in April 1989; that he obtained summer employment shortly thereafter; and that he completed work on his undergraduate degree the semester following the accident. Concur—Rubin, J. P., Ross, Nardelli, Williams and Tom, JJ.