■ LORRAINE RICHARDS et al., Respondents, v KEVIN S. TOOMEY, Appellant. [633 NYS2d 846] —Mikoll, J. P. Appeal from an order of the Supreme Court (Harris, J.), entered January 10, 1995 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

On January 27, 1994, plaintiff Lorraine Richards (hereinafter plaintiff) was involved in an accident in which the vehicle that she was operating was struck from behind by a vehicle driven by defendant, causing plaintiff to strike her right knee against the ashtray. Plaintiff developed a swollen knee and back pain as a result, and a hospital diagnosis of lumbar spasm and knee contusion was made. Plaintiff followed up with a visit to the office of her treating physician, Robert Heineman, on February 3, 1994. Although X rays showed no abnormalities, plaintiff's examination revealed muscle spasms, pain on flexion and extension, and an inability to heel and toe walk. Heineman prescribed physical therapy and instructed plaintiff to remain out of work. Thereafter, plaintiff continued under the care of Heineman's office until August 18, 1994, when she was told she could return to restricted work as of September 2, 1994. Defendant brought this motion for summary judgment alleging that plaintiff failed to establish a "Serious injury" within the meaning of Insurance Law § 5102 (d). Supreme Court denied the motion and this appeal by defendant followed.

We affirm. Plaintiff's sole claim is that she has suffered a "medically determined injury or impairment of a non-permanent nature" which prevented her "from performing substantially all of * * * [her] usual and customary daily activities" for 90 of the 180 days immediately following the ac-

cident (Insurance Law § 5102 [d]). While it is true that, in support of his motion, defendant submitted sufficient proof to sustain his initial burden on a motion for summary judgment (*see*, CPLR 3212 [b]), we nevertheless agree with Supreme Court that plaintiff in turn submitted sufficient medical evidence to raise a factual question as to whether she was unable to perform her usual and customary daily activities for more than 90 of the first 180 days immediately following the accident (*see, Van De Bogart v Vanderpool*, 215 AD2d 915, 915-916). Significantly, plaintiff was under doctor's order to remain out of work (*cf., supra*). Moreover, plaintiff's description of the effect her injuries had upon her normal routines and activities "could be found to constitute more than a 'slight curtailment' " of her lifestyle (*supra*, at 916; *see, Licari v Elliott*, 57 NY2d 230, 236).

Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.