■ DONALD S. FUNKE, Respondent, v JOHN STAFFORD et al., Appellants. [649 NYS2d 824] —Peters, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered October 17, 1995 in Tompkins County, which denied defendants' motion for summary judgment dismissing the complaint.

On May 25, 1989, plaintiff was involved in an automobile accident with a car driven by defendant John Stafford and owned

by defendant JTS Lumber, Inc. He subsequently commenced a personal injury action against defendants alleging that he sustained a "serious injury" within the meaning of Insurance Law § 5102. After joinder of issue and the completion of discovery, defendants moved for summary judgment dismissing the complaint on the basis that plaintiff did not suffer a "serious injury". Supreme Court rendered a conditional decision granting defendants' motion subject to plaintiff submitting further proof of serious injury. Upon plaintiff's submission of further medical evidence, Supreme Court denied defendants' motion and this appeal by defendants ensued.

Initially, "while the existence of a serious injury ordinarily is a question of fact for jury resolution, the court must make a threshold determination of whether a plaintiff has established a prima facia case of serious injury" (*Colvin v Maille*, 127 AD2d 926, *lv denied* 69 NY2d 611). "On a motion for summary judgment such as here, the defendant must present evidence establishing that the plaintiff has not sustained a serious injury as a matter of law; only then must the plaintiff submit evidence to raise a question of fact" (*supra*, at 926).

In support of his claim of serious injury, plaintiff alleges that he suffers a permanent consequential limitation of use of the cervical spine, left trapezius muscle, neck and shoulder. Defendant, however, submitted proof that subsequent to the accident, various doctors who examined plaintiff reported that plaintiff did not suffer any significant limitation of use of any part of his body. While one doctor diagnosed plaintiff with bursitis and tendinitis, he did not causally relate these problems to the accident. In addition, proof was submitted that plaintiff lost very little time at work as a result of the accident and continues to engage in many of the activities he engaged in before the accident, including automobile racing.

To rebut this proof, plaintiff submitted an affidavit with an accompanying medical report prepared by Paul DeLuca, a physician who examined plaintiff on May 21, 1992 and September 1, 1995. While not the strongest evidence of serious injury, we nonetheless find it sufficient to defeat defendant's motion for summary judgment (*see, Weaver v Howard*, 206 AD2d 793). Therefore, Supreme Court properly denied defendant's motion.

Mercure, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.