■ BLAZE J. TANKERSLEY, Respondent, v MICHAEL P. SZESNAT, JR., Appellant. [653 NYS2d 184] —Cardona, P. J. Appeal from an order of the Supreme Court (Teresi, J.), entered May 15, 1996 in Albany County, which denied defendant's motion for summary judgment dismissing the complaint.

This action arises out of a motor vehicle accident occurring on January 8, 1993, during which plaintiff allegedly sustained injuries to his back and neck when his vehicle collided with a vehicle operated by defendant. According to plaintiff, he was traveling approximately 30 miles per hour at the time of the accident and was wearing a seatbelt. Other than his torso striking the steering wheel, plaintiff did not at impact come into contact with any part of the vehicle. Plaintiff was able to leave his vehicle on his own but soon began experiencing pain in his neck and lower back, which intensified 10 to 15 minutes after the accident. Plaintiff was taken to the hospital where he was

given a soft collar, prescribed Motrin and Flexiril, advised to get bed rest and released. Plaintiff was also directed to follow up with Patrick Albano, the orthopedic doctor who had been treating him for injuries that he had sustained in an August 1992 motorcycle accident.

In reference to the prior accident, plaintiff alleges that he was propelled 35 to 40 feet into the air and thrown over the handle bars of his motorcycle. The pleadings filed in connection with plaintiff's separate lawsuit for the August 1992 accident show that plaintiff claimed that he sustained injuries to his neck and lower back which resulted in a permanent loss of use and a permanent consequential limitation of the use of his cervical and lumbar spine. In addition, the bill of particulars indicates that plaintiff began treatment with two physicians (Albano and Kenneth Shapiro), a chiropractor (Anthony Cinque) and Sunnyview Hospital and Rehabilitation Center immediately after the August 1992 accident.[1]

Plaintiff commenced this action on July 6, 1994 claiming that he sustained a serious injury, as defined by Insurance Law § 5102, during the January 1993 accident in that he sustained and/or aggravated preexisting injuries to his neck and back suffered in the August 1992 accident. Following joinder of issue and discovery, defendant moved for summary judgment dismissing the complaint. Supreme Court denied the motion and defendant appeals.

Defendant maintains that Supreme Court erred because plaintiff's proof failed to establish that he sustained a "serious injury" related to the *January 1993* accident that met the requirements of the "permanent consequential limitation of use of a body organ or member", "significant limitation of use of a body function or system" or "90/180" categories of Insurance Law § 5102 (d), as pleaded in the complaint and amplified by the bill of particulars.[2] As the moving party, defendant initially has the burden to establish that plaintiff did not sustain a "serious injury" within the meaning of the statute (*see, Gaddy v Eyler*, 79 NY2d 955, 956-957; *Richards v Toomy*, 221 AD2d 754, 755).

---

1. Plaintiff's bill of particulars in that litigation indicates that treatment for the August 1992 accident continued into July 1993.

2. In his bill of particulars in the subject case, plaintiff also alleged a "permanent loss of the use of a body organ, member or function, in that he has suffered a permanent loss of the use of his neck and lower back" (*see*, Insurance Law § 5102 [d]). However, plaintiff did not mention this provision in his opposition papers to defendant's motion and our review of the record reveals no evidence of any nature that would adequately support such a claim.

With respect to the permanent consequential and significant limitation categories alleged by plaintiff, we agree with defendant that plaintiff's proof falls short of establishing the requirements of a serious injury. In support of his motion, defendant introduced, *inter alia*, an affidavit from Robert Heineman, Jr., an orthopedic surgeon who, after performing an examination of plaintiff on January 11, 1996 and reviewing plaintiff's medical history and X-rays, concluded that plaintiff's claimed injuries were the result of the August 1992 motorcycle accident and a preexisting deformity in plaintiff's back. Heineman acknowledged that while plaintiff may have mildly strained the muscles in his lumbar spine during the January 1993 accident, he did not sustain any permanent injury or limitation. In our view, this proof, as well as certain of the other evidence and medical records[3] submitted, establish that defendant presented prima facie evidence that plaintiff did not sustain a permanent consequential or significant limitation as a result of the January 1993 accident. Thus, the burden shifted to plaintiff to raise triable issues of fact (*see, Gaddy v Eyler*, *supra*, at 957; *Melino v Lauster*, 195 AD2d 653, 655, *affd on mem below* 82 NY2d 828).

In order to successfully oppose the motion for summary judgment, plaintiff must set forth "competent medical evidence based upon objective medical findings and diagnostic tests to support his claim * * * [because] subjective complaints of pain * * * absent other proof [are] insufficient to establish a 'serious injury' " (*Eisen v Walter & Samuels*, 215 AD2d 149, 150). Here, the affidavits and medical records submitted by plaintiff fail to raise a triable issue with respect to these two categories. Albano's affidavit states in a conclusory fashion that he examined plaintiff on January 11, 1993 and found that "[the January 1993] accident had exacerbated [plaintiff's] injuries to his lower back, namely, his lumbosacral region". Albano's medical record from his January 11, 1993 examination of plaintiff notes plaintiff's complaints of pain and does indicate objective evidence of injury in the form of splinting in plaintiff's lower back upon flexion and positive signs for back injury. However, Albano's February 8, 1993 and March 8, 1993 entries indicate that

---

**3.** Plaintiff claims that certain of these medical records are unsworn and should not be considered in deciding this motion. We agree that unsworn statements of physicians contained in medical reports do not constitute evidentiary proof in admissible form (*see, Parmisani v Grasso*, 218 AD2d 870, 871-872). However, with respect to certain of these reports, "it is well settled that a moving defendant may rely upon the unsworn reports of the plaintiff's own physicians in support of a motion for summary judgment" (*Torres v Micheletti*, 208 AD2d 519; *see, Pagano v Kingsbury*, 182 AD2d 268, 270-271).

all objective evidence of injury are gone and, by the March 1993 entry, plaintiff's back injury signs were negative. Albano further noted in March 1993 that plaintiff was doing well and the treatment was "helping him considerably". Nowhere in the affidavits or records of Albano, Shapiro or Cinque is there a specific and nonconclusory indication that plaintiff sustained a permanent consequential or significant limitation in relation to the January 1993 accident (*see, Melino v Lauster, supra,* at 655). Thus, while there may be proof that plaintiff experiences pain, he has failed to support his allegations regarding these two serious injury categories with sufficient objective medical evidence (*see, Rennell v Horan,* 225 AD2d 939, 940; *Eisen v Walter & Samuels, supra,* at 150).

Turning to plaintiff's claim that he suffered from a medically determined injury as a result of the January 1993 accident which prevented him from performing substantially all of the material acts constituting his usual and customary daily activities for at least 90 of the 180 days immediately following the injury (*see, Relin v Brotherton,* 221 AD2d 840, 841; *Ireland v Clarkstown Cent. School Dist.,* 210 AD2d 637, 638), we conclude that Supreme Court properly denied defendant's motion regarding this claim. In doing so, we note that the record is unclear as to whether the lifestyle limitations described by plaintiff are attributable to the August 1992 or January 1993 accidents. Similarly, there is no dispositive proof as to what part the January 1993 accident contributed to plaintiff's decision in March 1993 to leave his employment at a construction firm to work at a lower paying, but sedentary, desk job. Plaintiff collected workers' compensation benefits for at least 13 weeks after the accident and was advised to stay out of work at various times by Cinque. Albano, whose records following the January 1993 accident lend support for Heineman's opinion that plaintiff sustained a lumbosacral strain as a result of this accident, told plaintiff to stay out of work for a few weeks and referred to the January 1993 injuries as a "setback" with respect to plaintiff's progress. Under the circumstances, we cannot say as a matter of law that summary judgment is appropriate on this issue (*see, Funke v Stafford,* 233 AD2d 611).

Mercure, Casey, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion to dismiss that part of the complaint alleging that plaintiff sustained a serious injury in all but the 90/180 categories; motion granted to that extent, summary judgment awarded to defendant and said claim dismissed; and, as so modified, affirmed.