■ GEORGE A. LA RUE, SR., Individually and as Parent of GEORGE A. LA RUE, JR., an Infant, et al., Respondents, v LINDA D. TUCKER, Now Known as LINDA D. DAVIS, Appellant. [668 NYS2d 745] —Carpinello, J. Appeal from that part of an order of the Supreme Court (Keniry, J.), entered July 3, 1997 in Saratoga County, which partially denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff Paula J. La Rue (hereinafter plaintiff) was involved in a November 23, 1990 automobile accident. On appeal, the only issue before this Court is whether Supreme Court erred in denying that portion of defendant's motion for summary judgment dismissing the complaint upon the ground that plaintiff did not sustain a serious injury within one of the categories set forth in Insurance Law § 5102 (d). We conclude that Supreme Court did so err and accordingly modify its order and dismiss the complaint in its entirety.

On the motion, defendant sustained her initial evidentiary burden of presenting evidence in admissible form warranting a finding, as a matter of law, that plaintiff did not sustain an Insurance Law § 5102 (d) serious injury (*see, Gaddy v Eyler*, 79 NY2d 955, 956-957; *Lashway v Groshans*, 241 AD2d 832). Edward Pasquarella, an orthopedic surgeon, performed a complete examination of plaintiff on December 14, 1994. While noting plaintiff's subjective complaints of a "pulling" sensation in her back, Pasquarella found no evidence of a "paravertebral muscle spasm" or tight muscles. His examination further revealed that plaintiff had a full range of bending motion as well as a full range of motion in her cervical spine and both upper extremities. Plaintiff's lordotic curve and reflexes were also normal and no evidence of muscle spasms or local tenderness in the neck were detected. Upon his review of X rays of plaintiff's cervical, thoracic and lumbar-sacral spine taken on November 23, 1990 and August 18, 1993, he noted that both were negative for any traumatically induced injury.

Other proof in the record supporting defendant's motion includes medical records from plaintiff's orthopedic surgeon,

John Dolan, and physical therapy records. Following the accident, plaintiff received follow-up treatment from Dolan for approximately three months; his medical records, however, denote no objective evidence of an injury. Physical therapy records indicate that by February 13, 1991 plaintiff's "cervical region was asymptomatic". Also contained in the record are several no-fault forms completed by Roger Pitman, plaintiff's chiropractor, in connection with the subject accident. On each of these forms, Pitman responded in the negative when asked if plaintiff's injuries resulted in a "permanent disability" or required "rehabilitation and/or occupational therapy".

Significantly, based upon his examination of plaintiff and his review of her medical records and X rays, Pasquarella concluded that any injuries plaintiff may have sustained in the subject accident were mild and healed within weeks. He further opined that "[t]here is no evidence of any causally related disability nor any objective medical evidence of any injury related to the motor vehicle accident of November 23, 1990". In our view, Pasquarella's conclusions, as well as the other medical evidence in record, establish that defendant presented prima facie evidence that plaintiff did not sustain a serious injury (see, Decker v Stang, 243 AD2d 1033; Lashway v Groshans, supra; Weaver v Derr, 242 AD2d 823).

Plaintiffs' evidentiary showing in opposition was deficient in that they failed to set forth competent medical evidence based upon objective findings and tests to support their claim that plaintiff suffered a serious injury (see, Licari v Elliott, 57 NY2d 230, 235; Uhl v Sofia, 245 AD2d 988; cf., Hawkey v Jefferson Motors, 245 AD2d 785). The only medical proof offered in opposition to defendant's motion was Pitman's 1½-page affidavit in which he notes that plaintiff complained of pain and restriction in her cervical spine during a December 7, 1990 office visit and that at this time she suffered from "myocytis in the trapizius [sic] muscles and inflammation at the lower cervical discs aggravated by hyper-extension of the cervical spine". Other than detailing this one office visit and his findings at this time, Pitman cites no other visits or any subsequent medical findings, tests, diagnosis or treatment plans on his part in the following 6½ years. Rather, he simply notes, without elaboration or detail, that her last office visit was on October 11, 1996.

Although Pitman claimed that plaintiff's cervical strain is "in all probability" permanent because over six years had elapsed since the accident, he fails to provide any nonconclusory details or medical support for this opinion in relation to

the subject accident. Moreover, the statement itself "reflect[s] the speculative nature of plaintiff's condition" (*Gaddy v Eyler*, 79 NY2d 955, 958, *supra*) and, in our opinion, lacks probative value (*see*, *Melino v Lauster*, 195 AD2d 653, 656, *affd* 82 NY2d 828). Similarly deficient is his unsupported conclusion that plaintiff's injuries are causally related to the accident. Notably absent from Pitman's affidavit is any mention of his treatment of plaintiff in the 3½ years *prior to the accident* or his prior opinion, as denoted on the no-fault forms, that plaintiff's injuries were not permanent. With respect to her preaccident chiropractic treatments, plaintiff testified at her examination before trial that these treatments were for "adjustments" to her back. Interestingly, Pitman's records indicate that the same exact treatment, and no other, was rendered during her numerous office visits subsequent to the accident.

With respect to plaintiffs' claim that plaintiff suffered from a medically determined injury of a nonpermanent nature as a result of the accident which prevented her from performing substantially all of the material acts constituting her usual and customary daily activities for at least 90 of the 180 days immediately following the injury (*see*, Insurance Law § 5102 [d]), we find the evidence submitted in opposition to summary judgment equally deficient. Although plaintiff claims in an affidavit that she was unable to perform certain household activities following the accident and that she did not resume such activities until April 1991, no supporting objective or credible medical evidence was presented to suggest that such curtailment was as a result of any injury sustained in the accident (*see*, *Decker v Stang*, 243 AD2d 1033, 1036-1037, *supra*; *Rennell v Horan*, 225 AD2d 939, 940; *cf.*, *Uhl v Sofia*, *supra*). On the contrary, the record reveals that a *pregnancy* following the accident and not any accident-producing injury was the medical reason for any limitation on her activities as of January 1991 (plaintiff had a history of miscarriages and stillbirths).

Plaintiffs failed to make a sufficient showing to raise an issue of fact as to plaintiff's claim of serious injury and therefore defendant's motion for summary judgment should have been granted in its entirety.

Cardona, P. J., White, Peters and Spain, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as denied defendant's motion to dismiss those causes of action in the complaint based upon allegations that plaintiff Paula J. La Rue sustained a serious injury pursuant to Insurance Law § 5102 (d); motion granted to that extent and said claims dismissed; and, as so modified, affirmed.