■ JOSEPH W. KERN, Respondent, v HENRY T. ASH, Appellant. [676 NYS2d 296] —Mikoll, J. P. Appeal from an order of the Supreme Court (Dier, J.), entered April 3, 1997 in Warren County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action seeking damages for injuries resulting from a July 25, 1992 accident wherein his automobile

was struck in the rear by defendant's vehicle. Following discovery, defendant moved for summary judgment on the ground that plaintiff had not sustained a serious injury under Insurance Law § 5102. Supreme Court denied the motion and defendant appeals. Our review of the record compels the conclusion that Supreme Court erroneously denied defendant's motion. Accordingly, we reverse, grant summary judgment to defendant and dismiss the complaint.

The day of the accident, plaintiff was evaluated at Warrensburg Health Center complaining of "slight neck stiffness". The examining physician, finding plaintiff to have full range of motion of the neck, recorded his impression as "neck strain". No medication was prescribed or further treatment ordered.

On August 5, 1992, plaintiff consulted an orthopedist, Richard Saunders, complaining of neck pain. Saunders found that plaintiff had a good range of motion in the cervical spine and X rays thereof were completely within normal limits. Saunders' impression was of "cervical strain" which he felt would be "resolved completely without any intervention".

On September 8, 1992, plaintiff was seen at Glens Falls Hospital Physical Therapy unit where he was found to have minimal decrease in the range of motion of the left side of his neck, and a minimal to moderate decrease of cervical spine extension. An MRI of the cervical spine on October 17, 1992 was "unremarkable".

On November 18, 1992, plaintiff again saw Saunders. After addressing an unrelated complaint, Saunders noted: "Impression: Persistent neck pain of unclear etiology." Saunders referred plaintiff to James Yovanoff, whose examination on December 18, 1992 disclosed that plaintiff's "[c]ervical spine has full range of motion in all directions". Yovanoff's impression was that plaintiff had "whip lash injury neck pain. His examination with respect to the neck is benign. There is no evidence for spine injury or evidence for cervical arthritis." Yovanoff concluded that the symptoms would resolve on their own without any further intervention. He also noted that plaintiff said that he was "able to engage in all of his usual activities such as driving, canoeing or hiking but the day following such activities might be associated with discomfort in the neck".

Defendant's motion for summary judgment was supported by plaintiff's medical records described above, and a report by defendant's physician, E.J. Pasquarella, who found upon examining plaintiff on July 23, 1996 that he had sustained a cervical strain, since resolved. These submissions were suf-

ficient to meet defendant's initial burden of establishing that plaintiff did not sustain a "serious injury" within the meaning of Insurance Law § 5102 (*see, Gaddy v Eyler*, 79 NY2d 955, 956-957; *La Rue v Tucker*, 247 AD2d 702, 702-703; *Uhl v Sofia*, 245 AD2d 988, 989), at which point the burden shifted to plaintiff to demonstrate the existence of a triable issue of fact. To do this, plaintiff was required to present " 'competent medical evidence based upon objective medical findings and diagnostic tests to support his claim * * * [because] subjective complaints of pain * * * absent other proof [are] insufficient to establish a "serious injury" ' " (*Tankersley v Szesnat*, 235 AD2d 1010, 1012, quoting *Eisen v Walter & Samuels*, 215 AD2d 149, 150).

Plaintiff contends that he has established a "serious injury" within the meaning of Insurance Law § 5102 in that he was rendered incapable of performing substantially all of the material acts comprising his usual and customary daily activities for at least 90 of the first 180 days following the accident. We disagree. The first source of deficiency in this regard is found in plaintiff's own medical records, which contain no evidence "confirming or suggesting any significant curtailment of plaintiff's ability to engage in [his] normal activities" (*Relin v Brotherton*, 221 AD2d 840, 841). Moreover, plaintiff's own journals, comprising the bulk of his submission in opposition to the motion, reveal that he sustained no loss of employment during this period and did engage in his customary activities, including canoeing and firewood splitting, during the relevant period. The affidavit of Saunders submitted in opposition to the summary judgment motion does not allege that plaintiff was disabled for any period of time. Plaintiff also submitted an earlier letter from Saunders stating only that "[a]ccording to [plaintiff's] journal he was totally disabled from the period of 07/25/92 until 3/13/93". Without "objective or credible medical evidence" supporting plaintiff's claim of disability, his submissions were insufficient to create a material issue of fact as to whether he sustained a qualifying injury under Insurance Law § 5102; defendant was therefore entitled to a grant of summary judgment.

Mercure, White, Peters and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant and complaint dismissed.