■ Timothy J. Evans et al., Respondents, v Deborah L. Hahn et al., Appellants. [680 NYS2d 734] —Spain, J. Appeal from an order of the Supreme Court (Bradley, J.), entered October 3, 1997 in Ulster County, which denied defendants' motion for summary judgment dismissing the complaint.

In May 1995, plaintiff Timothy J. Evans (hereinafter plaintiff) was involved in an automobile accident when the vehicle he was operating was struck from behind by a vehicle driven by defendant Deborah L. Hahn and owned by defendant Steven F. Hahn. Thereafter plaintiff and his wife commenced this negligence action against defendants. Following joinder of issue, defendants moved for summary judgment dismissing the complaint on the basis that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court denied the motion and defendants now appeal.

We affirm. As the moving party, defendants initially had the burden of establishing that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see, Gaddy v Eyler, 79 NY2d 955, 956-957; Richards v Toomey, 221 AD2d 754, 755). Once defendants have met this burden, plaintiffs must, in order to successfully oppose the motion for summary judgment, set forth " 'competent medical evidence based upon objective medical findings and diagnostic tests to support [their] claim * * * [because] subjective complaints of pain * * * absent other proof [are] insufficient to establish a "serious injury" ' " (Tankersley v Szesnat, 235 AD2d 1010, 1012, quoting Eisen v Walter & Samuels, 215 AD2d 149, 150). In our view, defendants have met their burden. However, plaintiffs have successfully overcome defendants' entitlement to summary judgment by bringing forth sufficient proof to raise a genuine issue as to whether plaintiff sustained a serious injury (see, Hawkey v Jefferson Motors, 245 AD2d 785, 786).

In opposition to defendants' motion, plaintiffs submitted an affidavit from David Rosenblum, plaintiff's chiropractor, wherein he stated that plaintiff suffered a serious, permanent and consequential disabling injury to his lumbosacral as a result of the accident. He based his conclusions upon several objective medical tests performed by him which revealed that plaintiff suffered from severe back pain and back spasms. Additionally, he discovered through an MRI that plaintiff had disc bulging at L-4 L-5, that degenerative changes were noticed in the facet joints of the spine, and that the nature and extent of plaintiff's injury will limit his ability for physical labor and recreation, including restricting plaintiff from lifting more than 25 pounds and from bending and working with arms overhead

for a prolonged period on a permanent basis. Indeed, Rosenblum sufficiently set forth the medical foundation supporting his opinion. Based upon plaintiffs' submission in opposition to defendants' motion, we conclude that summary judgment was properly denied (*see, Broderick v Spaeth*, 241 AD2d 898, *lv denied* 91 NY2d 805).

Mercure, J. P., White, Peters and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.