■ BLANCHE L. DELANEY et al., Appellants, v ALYCE L. LEWIS, Respondent. [682 NYS2d 270] —Spain, J. Appeal from a judgment of the Supreme Court (Rose, J.), entered September 10, 1997 in Tioga County, which, upon reargument, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Blanche L. Delaney (hereinafter plaintiff) suffered personal injuries when the vehicle she was operating was rear ended by a car driven by defendant while plaintiff was stopped at an intersection in the Village of Owego, Tioga County. Thereafter, plaintiff and her husband, derivatively, commenced this action against defendant alleging that plaintiff suffered serious injuries, including debilitating headaches and damage to the cervical and thoracic areas of her spine. After issue was joined, defendant moved for summary judgment based on plaintiff not having sustained a serious injury within the meaning of Insurance Law § 5102. Supreme Court initially denied defendant's motion, without prejudice, because defendant's supporting medical statements were not in proper evidentiary form. Thereafter, defendant moved to reargue her motion for summary judgment and submitted a certified report from Sowbhagya Sonthineni, who conducted an independent medical examination (hereinafter IME) of plaintiff. Defendant also submitted certified medical records of plaintiff's treating physicians. In opposition to defendant's motion, plaintiffs submitted an attorney's affidavit with the transcript of plaintiff's deposition testimony and certified records from her physical therapist.

Supreme Court granted defendant's motion to reargue and, upon reargument, granted defendant's motion for summary judgment reasoning that defendant's evidence presented sufficient prima facie proof that plaintiff did not sustain a serious injury under Insurance Law § 5102. Further, Supreme Court determined that plaintiffs failed to meet their burden of submitting proof sufficient to create a question of fact as to whether plaintiff sustained a serious injury. Specifically, Supreme Court concluded that plaintiff's physical limitations due to severe pain were not supported by objective medical findings and diagnostic tests. Supreme Court also determined that "[p]laintiffs' proof of an injury qualifying under the '90-out-of-180-day' category [of Insurance Law § 5102 (d)] [was] unconvincing", reasoning that plaintiff's restrictions on her usual and customary activities were not medically indicated but rather, were self imposed. Plaintiffs appeal.

We affirm. In our view, Supreme Court properly granted summary judgment to defendant. Initially, we reject plaintiffs' contention that defendant failed to make out a prima facie case that plaintiff had not sustained a serious injury within the meaning of Insurance Law § 5102 (d). "As the moving party, defendant initially has the burden to establish that plaintiff did not sustain a 'serious injury' within the meaning of [Insurance Law § 5102 (d)]" (*Tankersley v Szesnat*, 235 AD2d 1010,

1011; *see, Richards v Toomey*, 221 AD2d 754, 755). A finding of significant limitation requires something more than a minor limitation of use (*see, Broderick v Spaeth*, 241 AD2d 898, *lv denied* 91 NY2d 805; *Kimball v Baker*, 174 AD2d 925, 926; *Gaddy v Eyler*, 167 AD2d 67, 72, *affd* 79 NY2d 955). Additionally, "subjective complaints of pain unsupported by credible or objective medical evidence or documentation [are] simply not. enough to establish the threshold issue of serious injury" (*Kimball v Baker, supra*, at 926; *see, Tankersley v Szesnat, supra*, at 1012).

Here, defendant submitted the verified IME report as proof that plaintiff did not sustain a serious injury. The IME report concluded that plaintiff "recovered well with normal cervical spine movements and absent cervical paraspinal muscle spasm". In addition, defendant submitted plaintiff's treating physician's records in which plaintiff's complaints of pain, improvements in her range of motion and her treatment plan are detailed and which diagnosed her with chronic cervical strain secondary to the motor vehicle accident. In our view, defendant's submissions were sufficient to establish that plaintiff had not sustained a serious injury.

In response, plaintiffs submitted physical therapy records under the therapist's affidavit. A physical therapist, however, cannot by definition diagnose or make prognosis and is incompetent to determine the permanency or duration of a physical limitation (*see, Caputo v Cradle*, 111 Misc 2d 242). Plaintiffs' contention that plaintiff's treating physician's records establish that she suffered a permanent or significant limitation is without merit. While the medical records indicate that plaintiff's complaints of pain formed the basis for the medical diagnosis of chronic cervical strain, such subjective evidence is insufficient to establish the threshold of serious injury (*see, Tankersley v Szesnat, supra*).

We also reject plaintiff's contention that her reduced working hours qualify under the "90-out-of-180-day" serious injury category. Plaintiff's deposition testimony indicates that she imposed the work restriction on herself; moreover, she was advised that her condition would improve if she pushed herself rather than restricting her activities. In our view, summary judgment was properly granted to defendant.

Mikoll, J. P., Crew III, Yesawich Jr. and Graffeo, JJ., concur. Ordered that the judgment is affirmed, with costs.