■ STACY L.C. ZUPAN et al., Appellants, v JOSEPH N. HART et al., Respondents. [699 NYS2d 155] —Cardona, P. J. Appeal from an order of the Supreme Court (O'Brien, J.), entered September 3, 1998 in Madison County, which, inter alia, granted defendants' motion for summary judgment dismissing the complaint.

On the morning of October 20, 1993, plaintiff Stacy L.C. Zupan (hereinafter plaintiff) was involved in an automobile accident when the vehicle she was driving collided with a vehicle owned by defendant Frederick J. Hart, Jr. and operated by defendant Joseph N. Hart in the City of Oneida, Madison County. Later that day, plaintiff sought treatment at the hospital where she was diagnosed with cervical strain, fitted with a soft collar and released. Shortly thereafter, she saw her family physician who noted that she sustained a cervical strain and referred her to an orthopedist, Joseph Pierz. Pierz concurred with that diagnosis and referred her to physical therapy. After four sessions, plaintiff completed physical therapy at the end of December 1993. She saw Pierz again in February 1994 after experiencing some discomfort and tenderness in her upper back and neck, but did not see him again until she was injured in a second automobile accident on October 10, 1994.

In October 1996, plaintiff and her husband, derivatively, commenced this negligence action against defendants for injuries allegedly sustained by plaintiff in the accident. Follow-

ing joinder of issue, defendants moved for summary judgment on the ground that plaintiff had not sustained a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiffs opposed the motion and cross-moved for an order consolidating the action with a negligence action commenced by plaintiffs as a result of the second accident. Supreme Court, *inter alia*, granted defendants' motion resulting in this appeal.

We affirm. Plaintiffs alleged in their bill of particulars that the injuries to plaintiff's neck and cervical spine satisfied the "serious injury" threshold of Insurance Law § 5102 (d) insofar as they caused "a permanent loss of use of a body organ, member, function or system; and a significant limitation of use of a body function or system; and a permanent consequential limitation of a body function or system". As the proponents of summary judgment, defendants had the initial burden of showing that plaintiff did not suffer a serious injury within the meaning of the statute (*see, Gaddy v Eyler*, 79 NY2d 955, 956-957; *Delaney v Lewis*, 256 AD2d 895; *Tankersley v Szesnat*, 235 AD2d 1010, 1011). Based upon our review of the medical reports and records relied upon by defendants which reveal the absence of any degree of permanency or diminished range of motion due to the injuries experienced by plaintiff following the first accident or abnormalities in plaintiff's cervical spine appearing on X rays taken after the first accident, we conclude that defendants met their burden (*see, Burnett v Zito*, 252 AD2d 879, 881; *Tankersley v Szesnat, supra*, at 1012).

At that point, it was incumbent upon plaintiffs "to set forth competent medical evidence based on objective medical findings to support [their] claim" (*Boehm v Estate of Mack*, 255 AD2d 749, 750; *see, Evans v Hahn*, 255 AD2d 751). In this regard, plaintiffs rely upon the affidavit of John Cambareri, an orthopedist, who began treating plaintiff in June 1996 nearly three years after the first accident. Cambareri opined, based upon his own examination of plaintiff and review of medical reports and records pertaining to the treatment of plaintiff since the October 1993 accident, that "as a result of the two automobile collisions [plaintiff] has sustained right paracentral disc herniation at C5-6; C6 nerve root paresthesias; sprain and strain of the ligaments and paraspinous musculature of the neck and right upper trapezius; facet joint synovitis/osteoarthralia together with resultant traumatic headache". He averred that such injuries have resulted in a 30% decrease in the range of motion in plaintiff's neck as well as pain and paresthesias which have limited plaintiff's activities and caused her to become partially disabled on a permanent basis. He

opined that plaintiff's injuries were proximately caused by both accidents and apportioned 50% to each. As support for his opinion that plaintiff's disc herniation at C5-6 was causally related to the first accident, Cambareri relied upon a notation contained in Pierz's February 28, 1994 report which indicated that plaintiff "was experiencing paresthesias along the C6 root in her right hand".

In our view, Cambareri's affidavit is insufficient to raise a question of fact that plaintiff suffered a serious injury attributable to the October 1993 accident. Significantly, Pierz's notation is the sole factor linking the injuries plaintiff currently suffers to the first accident. Insofar as it is part of an unsworn report, it is of questionable evidentiary value (*see, Ahmed v Jaekyoo Yoo*, 255 AD2d 345). In any event, even considering the substance of the notation concerning paresthesias, there is no objective basis supporting the medical conclusion that the herniated disc and other injuries specified by Cambareri were causally related to plaintiff's first accident (*see, e.g., Jones v Malark*, 261 AD2d 788; *Lobo v Singh*, 259 AD2d 523; *compare, Evans v Hahn*, 255 AD2d 751, *supra*; *Boehm v Estate of Mack, supra; Pietrocola v Battibulli*, 238 AD2d 864). Inasmuch as Cambareri's affidavit lacks competent medical evidence and is conclusory, summary judgment dismissing the complaint was properly granted. In view of our disposition, the denial of plaintiffs' motion for consolidation of the actions is rendered academic (*see, Colonial Commercial Corp. v Breskel Assocs.*, 238 AD2d 539). We have considered plaintiffs' remaining claims and find them to be unavailing.

Mikoll, Crew III, Yesawich Jr. and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.