■ CARLO SORRIENTO et al., Respondents, v JOSEPH P. DADDARIO et al., Appellants. [724 NYS2d 99] —Spain, J. Appeal from an order of the Supreme Court (Canfield, J.), entered July 13, 2000 in Rensselaer County, which partially denied defendants' motion for summary judgment dismissing the complaint.

Plaintiffs commenced this action alleging that each sustained a serious injury within the meaning of Insurance Law § 5102 (d) when, in January 1993, a hotel minibus in which they were traveling was struck by a vehicle owned and operated by defendants. Upon defendants' motion for summary judgment, Supreme Court dismissed plaintiff Carlo Sorriento's claim for damages for his alleged serious injuries but denied the motion with respect to the claim of serious physical injury of plaintiff Arlene T. Sorriento (hereinafter plaintiff). Defendants appeal from so much of the order as denied their motion for summary judgment against plaintiff.

Plaintiff alleged in the complaint and bill of particulars that, as a result of the 1993 accident, she was thrown to the floor of the minibus, landing on her knees and causing strain and significant aggravation of rheumatoid arthritis in her right knee.

Plaintiff has suffered from rheumatoid arthritis in her knee since 1971, eventually causing her to leave work on disability in 1991. In 1994, a year after the accident, plaintiff underwent surgery for a total right knee replacement.

Initially, we conclude that defendants met their burden, as the moving parties, of making a prima facie showing that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see, Gaddy v Eyler*, 79 NY2d 955, 956-957). In support of their motion for summary judgment, defendants submitted an affidavit from a rheumatologist who opined, based on his review of plaintiff's medical records and X rays, that plaintiff's knee was completely destroyed by the rheumatoid arthritis prior to the accident. Defendants' expert also noted the dearth of objective medical evidence supporting plaintiff's claim that she suffered a permanent injury as a result of the accident. The burden then shifted to plaintiff to demonstrate a genuine issue of material fact precluding summary judgment (*see, id.*, at 957) by setting forth " 'competent medical evidence based upon objective medical findings and diagnostic tests to support [her] claim' " (*Tankersley v Szesnat*, 235 AD2d 1010, 1012, quoting *Eisen v Walter & Samuels*, 215 AD2d 149, 150).

We conclude that plaintiff failed to meet this burden. In opposition to defendants' motion, plaintiff submitted an affidavit from her physician who stated that, as a result of the accident, plaintiff experienced a right knee sprain with a probable torn medial meniscus and a significant aggravation of the arthritis in the right knee. He opined that 25% of her permanent injury necessitating the knee replacement was attributable to the accident. The opinion of plaintiff's expert, however, is conclusory and apparently based on plaintiff's subjective complaints rather than on any distinct medical findings. Although his affidavit refers to the existence of objective medical evidence, he neglected to identify any specific evidence of an injury related to the accident (*see, Crandall v Sledziewski*, 260 AD2d 754, 757, *lv denied* 93 NY2d 811). His general reference to plaintiff's X rays and physical examinations is insufficient inasmuch as he failed to explain how such evidence supported his opinion by, for example, stating how the X rays established that any injury resulted from the accident or identifying diagnostic tests conducted on plaintiff during the physical examinations and explaining what those tests demonstrated (*see, Barbarulo v Allery*, 271 AD2d 897, 900; *Tankersley v Szesnat, supra*, at 1012). Thus, plaintiff has failed to come forward with evidence in admissible form to create a genuine triable issue of fact as

to whether she sustained a serious physical injury (*see, Morgan v Beh*, 256 AD2d 752, 753; *La Rue v Tucker*, 247 AD2d 702, 703-704).

Mercure, J. P., Carpinello and Rose, JJ., concur.

Lahtinen, J. (dissenting). I respectfully dissent. While the majority finds that the medical expert's affidavit submitted by plaintiff Arlene T. Sorriento (hereinafter plaintiff) in opposition to defendants' motion for summary judgment insufficient as a matter of law, I do not share their view.

The majority labels that affidavit "conclusory and apparently based on plaintiff's subjective complaints rather than on any distinct medical findings" and would require this plaintiff to submit a detailed affidavit of her medical expert specifying not only the objective medical evidence upon which he bases his medical opinion, but also explaining how that evidence establishes that her serious injury resulted from this accident. Such a requirement imposes a more severe burden on this plaintiff to defend a motion for summary judgment than she would face at trial (*see,* CPLR 4515).

Here, plaintiff's medical expert, a licensed physician board certified in orthopedic surgery and one of plaintiff's treating physicians, properly stated his opinion that the subject accident caused plaintiff's probable right medial meniscus tear, aggravated her preexisting arthritic condition, was responsible for 25% of her permanent injury and made her total right knee replacement a necessary medical procedure. Such opinion evidence, supported by X rays taken before and after the accident and the physical examinations of plaintiff during the course of his treatment of her, is legally admissible and, if uncontradicted, sufficient to support a verdict in favor of plaintiff at trial (*see, Matott v Ward,* 48 NY2d 455). Whether such testimony could withstand the crucible of cross-examination is a question properly left for the trier of fact. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as partially denied defendants' motion for summary judgment; said motion granted, summary judgment awarded to defendants against plaintiff Arlene T. Sorriento and her claims are dismissed; and, as so modified, affirmed.