■ SERGIO TORRES, Plaintiff, and NIEVES TORRES, Respondent, v JUNE H. DWYER et al., Appellants. [923 NYS2d 512]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered April 7, 2010, which denied defendants' motion for summary judgment dismissing the complaint of Nieves Torres individually and on behalf of Steven Torres, unanimously reversed, on the law, without costs, the motion granted, and that portion of the complaint dismissed.

Defendants' submissions, including the affirmation of their neurologist and the excerpt from the deposition transcript of Nieves Torres, met their prima facie burden of showing that Steven Torres did not suffer a "serious injury" under Insurance Law § 5102 (d) (*see Farrington v Go On Time Car Serv.*, 76 AD3d 818 [2010]). The evidence submitted by Nieves in opposition to the motion did not raise a triable issue of fact as to whether Steven had suffered a fracture or permanent injury. This plaintiff never made any allegation of a lost tooth, or loosened teeth, in any of the bills of particulars, and indeed made no argument relating to fracture or permanent injury below, instead focusing exclusively on a 90/180-day claim. As such, the claim that damage to Steven's teeth constituted serious injury was not cognizable by the court (*see Glover v Capres Contr. Corp.*, 61 AD3d 549 [2009]; *Marte v New York City Tr. Auth.*, 59 AD3d 398, 399 [2009]). In any event, an injury to a tooth can only meet the statutory threshold of "serious" where it requires dental treatment (*see Newman v Datta*, 72 AD3d 537 [2010]; *Sanchez v Romano*, 292 AD2d 202 [2002]). Here, the tooth knocked out of Steven's mouth was deciduous, replaced in time by an adult tooth, and there is no evidence he required or received any further treatment for that injury. Likewise, there is no evidence that the other two teeth loosened in the accident were fractured, and review of the record reveals no causal link between those teeth and the dental implants Steven later apparently received.

Nieves contends that the restrictions on Steven's participation in sports and after-school activities, and his need for more time to do his homework due to his post-accident headaches, raise an issue of fact on his 90/180-day claim. However, attendance at school encompasses most of a school-age child's usual

and customary activities (*see Lashway v Groshans*, 241 AD2d 832, 834 [1997]). Steven missed only one week of school during the relevant period, and although his ability to concentrate may have been affected, there is no evidence that his academic performance was negatively impacted (*id.*). His headaches thus did not prevent him from performing "substantially all" of his usual activities, as required by the statute (*see Jones v Norwich City School Dist.*, 283 AD2d 809, 812 [2001]). Concur—Sweeny, J.P., Moskowitz, Renwick, DeGrasse and Román, JJ.