Espinal v Shortis (2018 NY Slip Op 06002)





Espinal v Shortis


2018 NY Slip Op 06002


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-11918
 (Index No. 605158/14)

[*1]Gilmer Espinal, appellant, 
v
Jessica Shortis, respondent.


Levine and Wiss, PLLC (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Sette & Apoznanski (Russo & Tambasco, Melville, NY [Susan J. Mitola and Gerard Ferrara], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (John M. Galasso, J.), dated October 25, 2016. The judgment, upon an order of the same court entered January 14, 2016, granting the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is reversed, on the law, with costs, the defendant's motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order entered January 14, 2016, is modified accordingly.
On July 22, 2014, the plaintiff and the defendant were involved in a motor vehicle collision at the intersection of Hempstead Avenue and Woodview Road in Hempstead. The plaintiff commenced this action to recover damages for injuries he allegedly sustained in the collision.
The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order entered January 14, 2016, the Supreme Court granted the motion. A judgment dated October 25, 2016, in favor of the defendant and against the plaintiff dismissed the complaint. The plaintiff appeals.
We disagree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint. The defendant failed to meet her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the defendant failed to eliminate issues of fact regarding the plaintiff's claims, set forth in the bill of particulars, that the plaintiff sustained a serious injury to the thoracic region of his spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614), and that he sustained a serious injury under the 90/180-day category of [*2]Insurance Law § 5102(d) (see Karpinos v Cora, 89 AD3d 994, 995; Torres v Dwyer, 84 AD3d 626, 626-27).
Since the defendant did not sustain her prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not reach the plaintiff's remaining contentions.
LEVENTHAL, J.P., COHEN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court