■ JOHN B. SMEGELSKY, Appellant, v STATE OF NEW YORK, Respondent. (Appeal No. 2.) (Claim No. 84536.) [627 NYS2d 606] —Appeal unanimously dismissed without costs *(see, Empire Ins. Co. v Food City,* 167 AD2d 983, 984). (Appeal from Order of Court of Claims, Margolis [Israel], J.—Reargument.) Present —Green, J. P., Fallon, Wesley, Callahan and Balio, JJ.

■ CAROLYN M. KENJARSKI, Appellant, v MARK A. GLASSO et al., Respondents. CAROLYN M. KENJARSKI, Appellant, v DIANE DAVIS et al., as Executors of KATHARINE SCHLIEDER, Also Known as K.J. SCHLIEDER, Deceased, Respondents. [626 NYS2d 615] —Order unanimously reversed on the law with costs, motion denied and complaints reinstated. Memorandum: Supreme Court erred in concluding that plaintiff failed to meet her burden of establishing a prima facie case that she sustained a serious injury within the meaning of Insurance Law § 5102 (d). In opposition to defendants' motion for summary judgment, plaintiff submitted the affidavit of her treating physician in which he averred, with reasonable medical certainty, that plaintiff's symptoms are a result of an internal cervical disc derangement resulting from the automobile accident. He further averred that there is "very firm objective evidence" that supports that conclusion. In his opinion the damage to plaintiff's spinal column can be corrected only by a surgical procedure. We conclude that the opposing affidavits of plaintiff and her physician are sufficient to raise a triable issue of fact whether plaintiff suffered a serious injury within the meaning of the No-Fault Law *(see, Lopez v Senatore,* 65 NY2d 1017, 1020; *Cavallaro v Baker,* 187 AD2d 976; *Rotondi v Horning,* 168 AD2d 944). (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Green, J. P., Fallon, Wesley, Callahan and Balio, JJ.