■ JEANNE HAWKEY et al., Appellants, v JEFFERSON MOTORS, INC., et al., Respondents. [665 NYS2d 766] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Graffeo, J.), entered December 26, 1996 in Albany County, which granted defendants' motion for summary judgment dismissing the complaint.

This negligence action arises out of an automobile accident that occurred on March 21, 1993 when a tow truck owned by defendant Jefferson Motors, Inc. and operated by its employee, defendant Adam J. Weisburgh, backed into a vehicle driven by plaintiff Jeanne Hawkey (hereinafter plaintiff). Approximately three weeks after the accident plaintiff sought medical attention for neck pain, headaches and numbness in her arms and hands. The result of an MRI scan indicated a bulging herniated disc, and on May 25, 1993 she underwent surgery to remove the disc.

Supreme Court, finding that plaintiff had not suffered a seri-

---

ous injury as contemplated by any category of the "no-fault" statute (*see,* Insurance Law § 5102 [d]), granted defendants' motion and dismissed the complaint. This appeal by plaintiff and her husband, who has asserted a derivative cause of action, followed.

Defendants submitted proof showing that plaintiff's herniated disc was the product of an ongoing degenerative condition, and was neither precipitated nor aggravated by the accident. To meet their burden of demonstrating the existence of a material question of fact in this regard (*see, Tankersley v Szesnat,* 235 AD2d 1010, 1012), plaintiffs submitted the affidavit of Irving Parnes, a physician, who, after examining plaintiff and reviewing her medical records, concluded that the disc herniation was indeed caused by the March 21, 1993 accident. In his affidavit; Parnes outlined the findings of his physical examination, noting that as of April 15, 1996, plaintiff complained of headaches and numbness in several fingers of her left hand, and exhibited a loss of grip strength in that hand as well as a decreased range of motion in her neck. Accordingly, he opined that as a result of the accident, she had sustained, *inter alia,* a permanent consequential limitation of use of a body organ or member, and a significant limitation of use of a body function or system.

Defendants do not contend that a disc herniation does not constitute a serious injury (*cf., Fields v Armada Vehicle Rental Co.,* 215 AD2d 433, 434; *Jackson v United Parcel Serv.,* 204 AD2d 605); rather, they assert that Parnes' conclusions as to causation are contradicted by the other medical proof, and therefore lack probative value. Defendants also maintain that Parnes' findings with respect to plaintiff's functional deficits are based only on her subjective complaints of pain, and hence cannot form the basis for a finding of serious injury.

It is, however, uncontroverted that an MRI scan, performed approximately two months after the accident, revealed that plaintiff had suffered a herniated disc at C5-C6, causing distortion of her spinal cord and pressure on her sixth spinal nerve. This distinguishes the present case from those in which there is no objective manifestation of physical injury (*compare, Broderick v Spaeth,* 241 AD2d 898, 900-901; *Kimball v Baker,* 174 AD2d 925, 926-927), and provides ample medical foundation for plaintiff's subjective complaints of extreme pain and numbness (*see, Greene v Frontier Cent. School Dist.,* 214 AD2d 947, 948; *Hulsen v Morrison,* 206 AD2d 459, 460). Notably, defendants do not dispute that plaintiff was only able to obtain relief of these debilitating symptoms by undergoing spinal surgery

(*cf., Kenjarski v Glasso*, 214 AD2d 1014; *Countermine v Galka*, 189 AD2d 1043, 1045-1046); moreover, Parnes' affidavit at least raises a question as to the ultimate effectiveness of that surgery.

Reading his affidavit as a whole, it is apparent that Parnes' conclusions as to the extent and probable duration of plaintiff's limitations are drawn not only from her subjective complaints, but also from his evaluation of her medical records, including the MRI results as summarized by plaintiff's surgeon, and the surgical reports. And, defendants' contrary suggestion notwithstanding, we are of the view that Parnes has adequately set forth the particular factual grounds upon which his conclusion as to the cause of plaintiff's disc herniation rests (*cf., Romano v Stanley*, 90 NY2d 444, 451-452). In essence, defendants' arguments amount to challenges to Parnes' credibility, a matter that is properly left for the fact finder (*see, Robillard v Robbins*, 168 AD2d 803, 805, *affd* 78 NY2d 1105; *Morsellino v Frankel*, 161 AD2d 748; *Conde v Eric Serv. Corp.*, 158 AD2d 651). Inasmuch as plaintiffs' submissions demonstrate the existence of a triable fact question with respect to the issue of serious injury (*see, Rotondi v Horning*, 168 AD2d 944), summary judgment is inappropriate.

Mikoll, J. P., Mercure, Crew III and Peters, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.