■ REBECCA H. MILLICK, Respondent, v STEPHEN H. WHATMAN et al., Doing Business as COLLINS GARBAGE SERVICE, Appellants. (And a Third-Party Action.) [678 NYS2d 168] —Mercure, J. P. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered November 14, 1997 in Tompkins County, which denied defendants' motion for summary judgment dismissing the complaint.

On August 2, 1994, plaintiff was driving her motor vehicle in the Town of Ithaca, Tompkins County, when she was rear-ended by a garbage truck owned by defendants causing her to crash into a second truck. Plaintiff subsequently commenced this negligence action. After issue was joined and discovery was completed, defendants moved for summary judgment dismissing the complaint on the ground that plaintiff had failed to demonstrate the existence of a question of fact as to whether she had suffered a "serious injury", pursuant to Insurance Law § 5102 (d), as a result of the accident. Supreme Court denied the motion and we affirm.

In our view, sufficient evidence was submitted to defeat defendants' motion based upon the claim that plaintiff did not sustain a "significant limitation of use of a body function or system" as a result of the accident in question (Insurance Law § 5102 [d]; *see, Larrabee v State of New York*, 216 AD2d 772). Among plaintiff's opposing papers were the affidavits of two physicians, specializing in neurology and pain management, respectively, who had been treating plaintiff for the continuing pain and limitation in the use of her back, neck, shoulder and arm up to three years after the accident. Both physicians attested that plaintiff's condition, which included a herniated disk, was permanent and was causally related to her collision

with defendants' vehicle. We conclude that plaintiff opposed defendants' motion with competent evidence raising a genuine question of fact as to whether plaintiff sustained a "serious injury" within the meaning of Insurance Law § 5102 (d). Hence, defendants' motion for summary judgment was properly denied (*see*, *Funke v Stafford*, 233 AD2d 611).

Crew III, Yesawich Jr., Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, with costs.