■ Gary J. Boehm, Appellant, v Estate of E. Lester Mack, by P. Dawn Pfaff-Adams, as Executor of Lester Mack, Deceased, Respondent. [680 NYS2d 732] —White, J. Appeal from an order of the Supreme Court (Torraca, J.), entered May 13, 1997 in Ulster County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff and E. Lester Mack (hereinafter decedent) were involved in a two-car accident at approximately 10:00 A.M. on September 10, 1993 when decedent's motor vehicle skidded into the back of plaintiff's car. Plaintiff, an automotive mechanic, was taken to the hospital, treated and released. After the accident, plaintiff, who had suffered three prior back injuries, was treated by Paula Peet and Nelson Peet, chiropractors who had been seeing him for his prior back problems, which included a treatment several days before the accident. Plaintiff also saw Loren Rosenthal, a neurologist, who examined plaintiff on October 12, 1993. Due to his back problems plaintiff continued to treat with Rosenthal, as well as Steven Auerbach, a chiropractor who had taken over the Peets' practice.

Plaintiff commenced this action in February 1995 and was examined on behalf of defendant by Robert Hendler on October 31, 1995. Hendler found no signs of any herniated lumbar disc or herniated cervical disc, although plaintiff had some laboratory testing which leaned toward this diagnosis. However, based on the absence of positive neurological or other objective clinical findings, Hendler's diagnosis was a cervical and lumbosacral sprain. He further noted the plaintiff had a chronic back condition for which he was being treated up to the time of the accident and opined that any chronic problem with the lumbosacral area was a preexisting condition not caused by the accident in question. Defendant moved for summary judgment on the grounds that plaintiff had not suffered serious injury within the meaning of Insurance Law § 5102 (d) and that plaintiff failed to establish a causal connection between the accident and plaintiff's alleged injuries.

In moving for summary judgment, it is clear that defendant

had the initial burden of establishing that plaintiff did not sustain a serious injury pursuant to Insurance Law § 5102 (*see, La Rue v Tucker*, 247 AD2d 702; *Uhl v Sofia*, 245 AD2d 988). We find that defendant has met this initial burden through Hendler's report and the burden then shifted to plaintiff to set forth competent medical evidence based on objective medical findings to support his claim (*see, Gaddy v Eyler*, 79 NY2d 955; *Rut v Grigonis*, 214 AD2d 721).

Although Rosenthal's initial examination of plaintiff was essentially unremarkable except for neck pain, plaintiff continued to have severe pain in his lumbar region and underwent an MRI in January 1995. The results of this procedure disclosed a large herniated disc, at L-5 S-1 and a bulging disc at L-4 L-5. An EMG in April 1995 confirmed the disc problem and also indicated ridiculopathy in both the right and left L-5 S-1 areas. Rosenthal continued to treat plaintiff and opined that plaintiff is subject to severe aggravated exacerbation of his spinal cord injuries which the doctor found to be permanent. Rosenthal further indicated that if the history given by plaintiff was correct, these permanent and significant injuries were causally related to the collision which occurred on September 10, 1993. Although Auerbach reported in January 1995 that plaintiff had fully recovered, he later opined that plaintiff's relief had been temporary and that he had decreased range of motion in the cervical and lumbar spine, which was borne out by Rosenthal's findings, and that these disabilities were directly related to said accident of September 10, 1993.

It is clear that a disc herniation may constitute a "serious injury" (*see, Cacaccio v Martin*, 235 AD2d 384) and, based on the medical reports submitted by plaintiff, we cannot say as a matter of law that plaintiff has not suffered a serious injury (*see, Licari v Elliott*, 57 NY2d 230, 238). Therefore, since plaintiff's evidence has created a triable issue of fact, defendant was not entitled to summary judgment (*see, Rosmarin v Lamontanaro*, 238 AD2d 567; *Steuer v DiDonna*, 233 AD2d 494; *Flanagan v Hoeg*, 212 AD2d 756).

We affirm Supreme Court's denial of plaintiff's cross motion since our review of the record indicates evidence sufficient to establish a triable issue as to whether the accident was solely the result of defendant's negligence (*see, Krajewski v Rosinski*, 212 AD2d 886).

Cardona, P. J., Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion for summary judgment; said motion denied; and, as so modified, affirmed.