■ DAWN E. McGUIRK, Appellant, v EDWARD L. VEDDER, Respondent. (And Two Other Related Actions.) [706 NYS2d 485] —Mugglin, J. Appeal from an order of the Supreme Court (Kramer, J.), entered January 11, 1999 in Schenectady County, which, *inter alia*, granted defendant's motion for summary judgment dismissing the complaint.

In March 1997, plaintiff was a passenger in a vehicle which backed out of a driveway into a street and was struck by a vehicle driven by defendant. Plaintiff commenced an action to recover damages from defendant for the injuries she sustained in the accident. Defendant impleaded the owner and the driver of

the vehicle in which plaintiff was a passenger and also commenced a separate action against them. Defendant thereafter moved for summary judgment dismissing plaintiff's complaint based upon the absence of serious injury within the meaning of Insurance Law § 5102 (d). Plaintiff cross-moved for partial summary judgment on the issue of defendant's liability. Supreme Court granted defendant's motion, resulting in this appeal by plaintiff.

In support of his motion, defendant submitted evidentiary proof in admissible form which demonstrated that plaintiff did not sustain a serious injury as a result of the accident. The burden, therefore, shifted to plaintiff who submitted a chiropractor's affidavit and other medical reports and records. This affidavit lacks probative value to the extent that it attempts to incorporate uncertified medical records and reports (*see, Parmisani v Grasso*, 218 AD2d 870, 872) and to the extent that it includes diagnoses and opinions outside the scope of chiropractic practice (*see, Crozier v Lesniewski*, 195 AD2d 657, 658).

However, in this affidavit the chiropractor concluded that plaintiff continued to have a restricted range of motion of her neck and back caused by the accident which constituted both a permanent consequential limitation and significant limitation of use of a body function or system. He relied on not only his examination and treatment of plaintiff following the accident, but also on an August 6, 1998 examination. The latter examination included range of motion tests which he described and reported as producing pain and muscle spasms. He described the limitations he placed on plaintiff's activities and quantified the results of the range of motion tests, results which he characterized as representing a significant decrease in range of motion of the back. While the chiropractor's mere use of the word permanent is insufficient to establish serious injury (*see, Uhl v Sofia*, 245 AD2d 988, 990), his affidavit contains objective medical findings and diagnostic tests to support the claim that plaintiff sustained a sufficiently meaningful impairment to constitute a significant limitation of use of a body function or system, thereby raising a question of fact on the serious injury issue (*see, Evans v Hahn*, 255 AD2d 751; *Pietrocola v Battibulli*, 238 AD2d 864; *Weaver v Howard*, 206 AD2d 793). Defendant, therefore, was not entitled to summary judgment.

Plaintiff also contends that her cross motion for partial summary judgment on the issue of liability should have been granted. Contrary to plaintiff's claim, however, the record does not demonstrate as a matter of law that defendant was negligent. As the driver with the right-of-way (*see*, Vehicle and

Traffic Law § 1143), defendant was entitled to anticipate that other vehicles would obey the traffic laws that required them to yield (see, Hazelton v Brown, 248 AD2d 871, 873), and the record does not establish that defendant had sufficient time to avoid a collision when the vehicle in which plaintiff was a passenger failed to yield the right-of-way and backed into the street into the path of defendant's vehicle.

Cardona, P. J., Crew III, Carpinello and Graffeo, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as granted defendant's motion; motion denied; and, as so modified, affirmed.