■ PETER DESCOVICH, Respondent, v JOHN BLIEKA, Appellant. [718 NYS2d 870] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Franco, J.), entered February 2, 2000, which granted the plaintiff's motion for summary judgment on the issue of liability, and denied his cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, the cross motion is granted, the motion is denied as academic, and the complaint is dismissed.

The Supreme Court erred in denying the defendant's cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The affirmed medical reports of the physicians who examined the plaintiff on behalf of the defendant were sufficient to establish a prima facie case that the plaintiff did not sustain a serious injury as a result of the accident at issue. The burden therefore shifted to the plaintiff to raise a triable issue of fact that he sustained a serious injury (*see, Gaddy v Eyler,* 79 NY2d 955, 956-957).

Contrary to the conclusion of the Supreme Court, the plaintiff's opposition to the cross motion was insufficient to raise a triable issue of fact. Although the plaintiff's treating physician submitted an affidavit indicating that the plaintiff suffered from a herniated disc and bulging discs, such injuries

do not alone constitute a serious injury. Rather, the plaintiff is still required to provide objective evidence of the extent or degree of physical limitations resulting from such injuries and their duration (*see, Guzman v Michael Mgt.,* 266 AD2d 508; *Noble v Ackerman,* 252 AD2d 392, 394-395). In this respect, the plaintiff's evidence was lacking, and thus, the defendant was entitled to summary judgment dismissing the complaint (*see, Guzman v Michael Mgt., supra*). Bracken, Acting P. J., Santucci, Altman and Florio, JJ., concur.