■ STUART LESSER et al., Appellants, v SMART CAB CORP. et al., Respondents. [724 NYS2d 412] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered September 12, 2000, granting defendants' motion for summary judgment, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated, and the matter remanded for further proceedings.

Plaintiff Stuart Lesser complained of neck, back and finger pain following his involvement in a two-car collision while he was a passenger in a taxicab. An MRI of the cervical spine revealed two protruding discs. Plaintiffs' physician, Dr. Berkowitz, advised that these herniated discs were a permanent injury, and that pain might be relieved by anti-inflammatory injections, risky surgery or, to a lesser extent, a regimen of physical therapy. An independent orthopedic surgeon, Dr. Weiss, also examined Stuart and concluded that the patient had a full range of motion, with no evidence of herniated discs, and had no disability that would impede his work as the president of a women's apparel company. Dr. Weiss, who did not review the MRI, dismissed as "subjective" Stuart's complaints of pain, numbness and tingling in his finger.

Defendants' summary judgment motion was based upon Dr. Weiss' conclusions. The court granted the motion, finding that Stuart had not sustained a "serious injury."

On a motion for summary judgment to dismiss a personal injury complaint, the defendant carries the burden of establishing that the injury is not causally related to the accident. Without making such a prima facie case, the defendant is not entitled to summary judgment as a matter of law (*Chaplin v Taylor*, 273 AD2d 188). Whether a herniated disc satisfies the "serious injury" threshold (Insurance Law § 5102 [d]) is a question for the trier of facts (*Noble v Ackerman*, 252 AD2d 392, 395; *Flanagan v Hoeg*, 212 AD2d 756, 757). An MRI constitutes objective evidence providing an ample medical foundation in support of a patient's subjective complaints of extreme pain (*Hawkey v Jefferson Motors*, 245 AD2d 785, 786), and thus raises a triable issue on the question of "serious injury" (*Waziri v Small*, 276 AD2d 480).

Dr. Berkowitz' affidavit was drawn not only from Stuart's subjective expressions of pain, but more importantly, from an evaluation of his medical records, including the MRI. Under these circumstances, the motion court could not conclude, as a matter of law, that Stuart had not suffered serious injury as a result of the accident (*see, Boehm v Estate of Mack*, 255 AD2d 749). Concur—Rosenberger, J. P., Ellerin, Wallach, Lerner and Rubin, JJ.