■ GREGORY T. UBER, Respondent, v KRISTIN L. HEFFRON, Appellant. [730 NYS2d 174] —In an action to recover damages for personal injuries, the defendant appeals from so much of an order of the Supreme Court, Orange County (Owen, J.), dated November 20, 2000, as denied her motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained in an automobile accident in May 1998. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The Supreme Court denied the motion. We reverse.

The defendant submitted sufficient evidence in support of her motion to establish, as a matter of law, that the plaintiff did not sustain a serious injury, and the plaintiff failed to sustain his burden of offering sufficient evidence to raise a triable issue of fact (*see, Gaddy v Eyler,* 79 NY2d 955; *Licari v*

*Elliott,* 57 NY2d 230, 235). Evidence of a disc herniation alone does not constitute proof of a serious injury (*see, Descovich v Blieka,* 279 AD2d 499). Since two of the three expert affirmations submitted in opposition to the motion failed to provide objective evidence of the extent or degree of the physical limitations resulting from the herniation or its duration, and the third affirmation, while quantifying the limitations, failed to draw any causal connection between the herniation and the automobile accident, the evidence failed to raise a triable issue (*see, Descovich v Blieka, supra*; *Grossman v Wright,* 268 AD2d 79, 84). Similarly, the plaintiff's experts failed to submit quantitative objective findings as to the plaintiff's alleged shoulder injury.

Furthermore, the experts failed to explain the 22-month lapse of time between the cessation of the plaintiff's medical treatment after the accident and the physical examinations they conducted, the possibility that the plaintiff's conditions might have existed before the accident, or the possible significance of related injuries sustained by the plaintiff in a subsequent automobile accident (*see, Grossman v Wright, supra*; *Smith v Askew,* 264 AD2d 834).

Accordingly, as the plaintiff failed to submit admissible evidence sufficient to raise a triable issue of fact, the Supreme Court erred in denying summary judgment to the defendant (*see, Gaddy v Eyler, supra*). Bracken, P. J., Krausman, Luciano, Smith and Adams, JJ., concur.