■ SORAYA HASSAM, Respondent, v KAREN C. ROCK et al., Appellants. [736 NYS2d 140] —Carpinello, J. Appeal from an order of the Supreme Court (Dawson, J.), entered January 19, 2001 in Clinton County, which, inter alia, denied defendants' motion for summary judgment dismissing the complaint.

In this personal injury action arising out of a rear-end motor vehicle accident, the issue is whether defendants are entitled to summary judgment on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102, i.e., a "permanent consequential limitation of use of a body organ or member" (Insurance Law § 5102 [d]). In order to establish this category of no-fault serious injury, it must be demonstrated that the claimed injury is consequential, that is, important or significant, and permanent, that is, the organ, member or function operates in some limited way or only with persistent pain (*see, Countermine v Galka*, 189 AD2d 1043, 1045).

As an initial matter, we conclude that defendants' motion papers established a prima facie case of entitlement to summary judgment (*see, Gaddy v Eyler*, 79 NY2d 955). Their expert opined, upon examining plaintiff and reviewing her medical records, that certain injuries claimed by her were resolved (i.e., there was "no ongoing functional impairment related to the motor vehicle accident") and other injuries (i.e., a herniated disc) were not causally related to the motor vehicle accident at all. Thus, the burden shifted to plaintiff to come forward with sufficient evidence that she did in fact sustain a serious injury (*see, Licari v Elliott*, 57 NY2d 230). We find that she succeeded in doing this through the introduction of competent medical evidence.

Plaintiff's treating physician opined that she suffers from a left cervical radiculopathy and disc herniation caused by the accident. Moreover, according to this expert, the disc herniation itself caused, among other lower extremity complaints, a left foot drop. His conclusions were based on his physical examinations of plaintiff, various diagnostic tests and the result of MRIs which themselves revealed the herniated disc at L5-S1. Based upon a reasonable degree of medical certainty, this expert opined, inter alia, that plaintiff sustained a permanent herniated disc which caused and will continue to cause a permanent consequential limitation of use of her lower back and lower left extremities (including the left foot drop) and that plaintiff may eventually need surgery to remedy the problem. We find such averments to be sufficient to raise a question of fact concerning whether plaintiff suffers from a serious injury thereby rendering summary judgment inappropriate (*see, e.g., Anderson v Persell*, 272 AD2d 733; *Boehm v Estate of Mack*, 255 AD2d 749; *Hawkey v Jefferson Motors*, 245 AD2d 785; *cf., Mikl v Shufelt*, 285 AD2d 949; *Rose v Furgerson*, 281 AD2d 857, *lv denied* 97 NY2d 602; *Guzman v Paul Michael Mgt.*, 266 AD2d 508).

Crew III, J.P., Peters and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.