■ JACQUELINE SANTOS et al., Respondents, v MELANIE MARCELLINO et al., Appellants. [746 NYS2d 111] —Mercure, J.

Plaintiffs commenced this action seeking damages for personal injuries allegedly sustained by plaintiff Jacqueline

Santos (hereinafter plaintiff) in a 1997 motor vehicle accident. Following joinder of issue and discovery, defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury as defined by Insurance Law § 5102 (d). Supreme Court denied defendants' motion, finding that the medical affidavits submitted by plaintiffs were sufficient to raise a question of fact regarding the extent of plaintiff's injuries. Defendants appeal.

Defendants contend that Supreme Court erred in denying their motion for summary judgment because plaintiffs failed to submit adequate proof of a qualifying serious injury. As the parties seeking summary judgment, defendants had the initial burden of "presenting evidence in admissible form warranting a finding, as a matter of law, that plaintiff did not sustain an Insurance Law § 5102 (d) serious injury" (*Blanchard v Wilcox*, 283 AD2d 821, 822). Defendants met that burden by submitting the affirmation of an independent examining physician who concluded that there were no objective findings and no functional impairment of plaintiff's neck and back. The burden then shifted to plaintiffs to "rais[e] a triable issue of fact through competent medical evidence based upon objective medical findings and diagnostic tests" (*Hines v Capital Dist. Transp. Auth.*, 280 AD2d 768, 769). Supreme Court found that plaintiffs' evidence, consisting of affidavits from plaintiff's primary physician, her physician's assistant and an orthopedist, sufficiently established that she had suffered a significant limitation of the musculoskeletal system in her neck and back as a result of the accident.

Initially, we note that plaintiffs alleged in their bill of particulars that plaintiff had suffered a qualifying injury under four threshold categories delineated by Insurance Law § 5102 (d). However, on this appeal plaintiffs have briefed only their claim of significant limitation of use of a body function or system, thereby abandoning the other categories (*see, Gibeault v Home Ins. Co.*, 221 AD2d 826, 827 n 2). Upon review, we are persuaded that Supreme Court correctly found plaintiffs' submissions to be sufficient to raise a question of fact on that claim.

Christine Holz, the treating physician's assistant, averred that, as a result of the accident, plaintiff had suffered a "cervical and lumbosacral strain and sprain secondary to a whiplash injury" causing debilitating pain. Holz stated that, two days after the accident, plaintiff presented with "significant trapezial muscle spasms, decreased flexion and extension, and tenderness in the cervical spine region." Holz also stated that

throughout an extended period of treatment, plaintiff continued to have "palpable spasms in the cervical region; persistent paresthesia in the upper extremities; sciatica in the lower extremities; painful trigger points in the trapezial muscles; difficulty breathing during periods of particularly intense cervical pain; [and] muscle weakness in the lower back." Those findings were endorsed by George Weiss, plaintiff's primary physician. As this Court has previously held, palpable trigger points and spasms may constitute objective medical evidence of a serious injury (*see, Barbagallo v Quackenbush*, 271 AD2d 724, 725; *McGuirk v Vedder*, 271 AD2d 731, 732; *see also, Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 357). In addition, the affidavit of Thomas Egan, an orthopedic surgeon who examined plaintiff in June 2001, documented specific restrictions on the range of motion of plaintiff's cervical spine, and he opined that plaintiff had suffered a significant limitation of the use of the musculoskeletal system in her neck and back (*see, McGuirk v Vedder, supra*, at 732; *Weaver v Howard*, 206 AD2d 793, 793-794). Egan identified the specific range of motion and straight leg tests used to formulate his opinion (*compare, Blanchard v Wilcox*, 283 AD2d 821, 823, *supra*). An expert's designation of numeric percentages of a plaintiff's loss of range of motion, such as those presented by Egan and which are in direct conflict with the opinion of defendants' examining physician, can be used to substantiate a claim of serious injury (*see, Toure v Avis Rent A Car Sys., supra* at 350).

Under the circumstances, we agree with Supreme Court that plaintiffs have submitted sufficient evidence to raise a question of fact concerning whether plaintiff suffered a serious injury within the meaning of Insurance Law § 5102 (d), and find that summary judgment was properly denied (*see, Hassam v Rock*, 290 AD2d 625, 626; *Evans v Hahn*, 255 AD2d 751, 751-752).

Cardona, P.J., Peters, Carpinello and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.