■ CHRISTINE OWAD et al., Respondents, v JOAN MAYONE, Appellant. [751 NYS2d 90] —Lahtinen, J. Appeal from an order of the Supreme Court (Cobb, J.), entered December 10, 2001 in Greene County, which denied defendant's motion for summary judgment dismissing the complaint.

After joinder of issue and substantial discovery was completed, defendant moved for summary judgment in this personal injury action, claiming that plaintiffs did not sustain serious injuries. Plaintiffs' motor vehicle was hit from the rear by defendant on November 30, 1996, which impact allegedly caused plaintiff Petr Menlikov to suffer a serious back injury and plaintiff Christine Owad to suffer serious injuries to her head, neck, back and left knee. Supreme Court denied defendant's motion finding that defendant made a prima facie showing that she was entitled to her requested relief, but that plaintiffs' submissions were "sufficient to raise a triable issue of fact with respect to the existence of serious injuries sustained by both plaintiffs." Defendant appeals.

As limited by plaintiffs' brief (see Santos v Marcellino, 297 AD2d 440, 441), the sole issue to be decided is whether plaintiffs' submissions were sufficient to raise a question of fact as to whether each plaintiff sustained a medically determined injury or impairment of a nonpermanent nature which prevented them from performing substantially all of the material acts which constituted their usual and customary activities for not less than 90 days during the 180 days immediately following the occurrence of the injury or impairment (see Insurance Law § 5102 [d]). Menlikov submitted, inter alia, the office notes and affirmation of his treating physician, Dilara Khandaker. Khandaker's initial examination of Menlikov on January 27, 1997 revealed a significant restriction of motion in his back and legs evidenced, in part, by straight leg tests. Within the 180 days following the accident, Khandaker examined Menlikov four more times with similar findings and obtained a CT scan of Menlikov's lumbar spine in May 1997, which revealed minimal bulging of the disc at L5-S1 that Khandaker connected to Menlikov's back pain and causally related to the car accident.

Khandaker's observations of Menlikov's restrictions upon examination, the objective findings revealed by the CT scan and range of motion tests, her opinion that Menlikov's daily activities were substantially limited and her causal connection of these problems to the November 1996 accident are sufficient to rebut defendant's prima facie showing (see Licari v Elliott, 57 NY2d 230, 236; Tompkins v Burtnick, 236 AD2d 708). The fact

that the record indicates that Menlikov did not complain of back pain until his emergency room visit on January 22, 1997, that John Popp, a neurosurgeon, reviewed a September 1998 MRI after Menlikov was involved in a May 1998 motor vehicle accident and opined that the mild disc bulging then detected at L5-S1 was not the cause of Menlikov's back pain, and that defendant's medical expert opined that Menlikov's claim of serious injury is not supported by any objective findings, raise sharp questions of fact, which must be resolved by the factfinder and cannot be determined as a matter of law (see *Pagels v P.V.S. Chems.*, 266 AD2d 819, 820).

With respect to Owad's submissions, we find them minimally sufficient to raise a question of fact as to whether she sustained a serious head injury. Viewing Owad's submissions in a light most favorable to her (see *Convenient Med. Care v Medical Bus. Assoc.*, 291 AD2d 617, 618), we find no objective medical evidence to support Owad's claim of neck or back injuries. All diagnostic tests of these areas, which included X rays and CT scans, detected no abnormalities. Nor is there any objective medical evidence supporting Owad's claim of a causally related injury to her left knee. However, medical records affirmed as true by Steven Parnes, an otolaryngologist, include a test reflecting right-sided weakness and indicating a perilymph fistula of the ear, a potential cause of Owad's persistent dizziness. This condition was causally related to the accident by Owad's attending physician, Abdul Fateh, who also opined that Owad was prevented from performing her work and home activities for at least 90 out of the 180 days following the accident, in part, because of her persistent dizziness and other symptoms resulting from postconcussion syndrome. The fact that defendant's expert opines that the test performed by Parnes "is not a useful diagnostic tool" and relates Owad's dizziness to a low hematocrit reading, again, raises sharp questions of fact which the factfinder must resolve.

Crew III, J.P., Peters, Carpinello and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment dismissing that part of the complaint alleging that plaintiffs sustained a serious injury in all categories but the 90/180 category; motion granted to that extent, partial summary judgment awarded to defendant and said claims dismissed; and, as so modified, affirmed.