■ RYAN MCCREESH, Appellant, v THERESA L. HOEHN, Respondent. [762 NYS2d 527] —Rose, J. Appeal from an order of the Supreme Court (Kramer, J.), entered June 17, 2002 in Schenectady County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action to recover for injuries to his neck and back that he allegedly sustained in a motor vehicle accident on October 31, 1998. In support of her motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury as defined in Insurance Law § 5102 (d), defendant submitted the report of a board-certified neurologist who reviewed plaintiff's medical records, examined him on September 13, 2001, found no evidence of a neurologic or other injury to his spine attributable to the October 1998 accident and opined that while plaintiff may have suffered a muscular strain, it would have resolved within a few weeks. This expert also cited medical records indicating that X ray and MRI examinations of plaintiff's spine were negative, he was being treated for neck spasms prior to the accident and he sustained a neck injury in a later motor vehicle accident in December 1999. Supreme Court granted defendant's motion, finding that the affidavit of plaintiff's chiropractor failed to overcome defendant's prima facie showing of the absence of a serious injury. Plaintiff appeals and we affirm.

The chiropractor, who did not begin treating plaintiff until more than two years after the October 1998 accident, diagnosed him with a cervical strain/sprain, lumbar sprain and thoracic radiculitis with root compression. Upon a final examination of plaintiff in March 2002, the chiropractor opined that as a direct result of the accident, plaintiff suffered a 50% "permanent degree of loss of use and function in his cervical spine." This opinion, however, is unsupported by any mention of the objective tests performed or their objective results utilized in diagnosing plaintiff's condition (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 357 [2002]; *Barbarulo v Allery*, 271 AD2d 897, 899 [2000]). The objective tests reported in the medical records, such as the MRIs and X rays taken immediately after the accident and in February 2001, indicate no injury. Although the chiropractor states that he found trigger points and muscle spasms that were "consistent with [plaintiff's] subjective complaints," he does not explain how the claimed 50% loss of

range of motion of plaintiff's cervical spine is supported by these or any other objective findings (see *Temple v Doherty*, 301 AD2d 979, 981-982 [2003]; *Blanchard v Wilcox*, 283 AD2d 821, 822 [2001]). Plaintiff's submissions are also deficient in failing to distinguish the neck spasms plaintiff suffered before and after the accident, as well as any injuries sustained in the subsequent accident in 1999 (see *Pajda v Pedone*, 303 AD2d 729 [2003]; *Uber v Heffron*, 286 AD2d 729, 730 [2001]). The absence of objective findings and the chiropractor's conclusory statement causally connecting plaintiff's injuries tothe 1998 accident are insufficient to establish a serious injury under any category of Insurance Law § 5102 (d), including the 90/180-day category (see *Serrano v Canton*, 299 AD2d 703, 705 [2002]; *Blanchard v Wilcox, supra* at 824).

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the order is affirmed, with costs.