Not all of the members of the Republican Committee of the Town of North Castle (hereinafter the Committee) were timely notified of the meeting at which Rebecca Ann Kittredge was endorsed as a candidate for the office of Member of the Town Council. Therefore, that meeting was held in contravention of the Committee's rules, and under the circumstances of this case the Supreme Court properly concluded that any action taken at the meeting was invalid (*see Israel v Matthews,* 171 AD2d 896, 898 [1991]; *Matter of Bachmann v DeFronzo,* 164 AD2d 926, 929 [1990]). S. Miller, J.P., McGinity, Crane, Cozier and Rivera, JJ., concur.

THIRD DEPARTMENT, AUGUST, 2003

(August 7, 2003)

■ ROSEANNE FRANCHINI et al., Appellants, v SUZANNE PALMIERI, Respondent. [763 NYS2d 381] —Rose, J. Appeal from an order of the Supreme Court (Reilly, Jr., J.), entered February 28, 2002 in Schenectady County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff Roseanne Franchini (hereinafter plaintiff) and her husband, derivatively, commenced this negligence action to recover for injuries she allegedly sustained in a motor vehicle accident on February 4, 1998. Supreme Court granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury as defined in Insurance Law § 5102 (d). Plaintiffs appeal and, based on their failure to establish a causal relationship between plaintiff's injuries and the accident, we affirm.

In support of her summary judgment motion, defendant submitted plaintiff's medical records, which disclose a number of preexisting conditions and injuries that caused, and would

likely continue to cause, the types of symptoms which plaintiff now attributes to the 1998 accident. Specifically, those records reflect that over the seven years preceding the accident, plaintiff suffered from cervical spine arthritis, degenerative disc disease, headaches, spinal tenderness, muscle spasms, and lower back pain. Approximately seven months prior to the accident, plaintiff presented with headaches, swelling over her spine and limited range of motion in her neck as a result of an assault by her husband. Plaintiff's records also included reports of X rays and MRI scans of her spine taken in February 1998 that appear normal except for confirming her preexisting degenerative disc disease. As a result, plaintiff's records fail to show that the symptoms she reported after February 4, 1998 were caused by the accident rather than some preexisting condition. Moreover, the lack of a causal link between plaintiff's injuries and the accident was established by the reports of a physician and a psychologist who examined her in 1999 and opined that her symptoms had other causes (*see Best v Bleau*, 300 AD2d 858, 859 [2002]; *Hassam v Rock*, 290 AD2d 625, 625 [2002]; *Uber v Heffron*, 286 AD2d 729, 730 [2001]). Thus, defendant's submissions make a prima facie showing of entitlement to summary judgment.

It then became incumbent on plaintiffs to present "competent medical evidence based upon objective medical findings and tests to support [the] claim of serious injury and to connect the condition to the accident" (*Blanchard v Wilcox*, 283 AD2d 821, 822 [2001]; *see Temple v Doherty*, 301 AD2d 979, 980 [2003]; *Owad v Mayone*, 299 AD2d 795, 796 [2002]). To meet this burden, plaintiffs primarily relied upon the January 2002 affidavit of a chiropractor who began treating plaintiff immediately following the 1998 accident and last saw her on November 19, 1998. He diagnosed plaintiff as suffering from "cervicocranial syndrome, cervical intervertebral disc syndrome, lumbar intervertebral disc syndrome, facet syndrome, and lumbago/low back syndrome." He also opined that plaintiff sustained limitations of use of her neck and lower back of 100% and that they are "separate and distinct from any pre-existing injuries that [plaintiff] may have had."

Focusing only on the opinion's causal relationship deficiencies, we find it to be insufficient to raise an issue of fact as to the existence of a serious injury in any category. The chiropractor mentions none of plaintiff's specific preexisting conditions, and it is not evident that he was aware of what they were. Significantly, plaintiff's patient histories included in the chiropractor's records make no reference to any prior accidents,

falls or musculo-skeletal conditions, and, in his affidavit, the chiropractor does not assert that he reviewed plaintiff's earlier medical records or treated her for any preexisting condition (*compare Boehm v Estate of Mack*, 255 AD2d 749 [1998]). Even if he were aware of them, he failed to explain his opinion that the preexisting conditions had resolved before he began treating plaintiff or to cite any objective evidence to support that opinion (*see e.g. Dabiere v Yager*, 297 AD2d 831, 832 [2002], *lv denied* 99 NY2d 503 [2002] [objective evidence is required to distinguish aggravation of a preexisting condition from the preexisting condition itself]). Under these circumstances, his opinion that plaintiff's condition is causally related to the 1998 accident is both speculative and conclusory (*see Lorthe v Adeyeye*, 306 AD2d 252 [2003]; *Pajda v Pedone*, 303 AD2d 729, 730 [2003]; *Ginty v MacNamara*, 300 AD2d 624, 625 [2002]; *Kallicharan v Sooknanan*, 282 AD2d 573, 574 [2001]). In this regard, we are mindful that "the insufficiency of conclusory assertions of 'serious injury' is underscored in cases under the No-Fault Law, where 'the purpose of enacting an objective verbal definition of serious injury was to "significantly reduce the number of automobile personal injury accident cases litigated in the courts, and thereby help contain the no-fault premium" ' " (*Lopez v Senatore*, 65 NY2d 1017, 1020 [1985], quoting *Licari v Elliott*, 57 NY2d 230, 236 [1982]; *see Scheer v Koubek*, 70 NY2d 678, 679 [1987]). The affidavit of a doctor of physiatry who treated plaintiff three times in 2001 is also insufficient for the same reason. Thus, as Supreme Court found, plaintiffs failed to raise a triable issue of fact sufficient to defeat defendant's motion for summary judgment with respect to any category of serious injury because they did not establish that plaintiff's injuries are causally related to the 1998 accident.

Mercure and Crew III, JJ., concur.

Lahtinen, J. (dissenting). We respectfully dissent. The proponent of summary judgment faces the "high threshold" of establishing that "there must be only one conclusion that can be drawn from the undisputed facts" (*Sanchez v State of New York*, 99 NY2d 247, 254 [2002]; *see Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). "The court's role on a motion for summary judgment is to determine whether there is a material factual issue to be tried, not to resolve it" (*Sommer v Federal Signal Corp.*, 79 NY2d 540, 554 [1992] [citation omitted]). The affidavit of Claude Guerra, the treating chiropractor of plaintiff Roseanne Franchini (hereinafter plaintiff), addresses his treatment of plaintiff, the nature of her injuries, the objective evidence of her injuries, causation and her prior injuries. The majority

focuses on the issue of causation and, in particular, finds that Guerra did not adequately address plaintiff's preexisting injuries.

Where there is a preexisting injury that a defendant has established as being relevant to the injury in litigation, the failure of a plaintiff's expert "to indicate an awareness of the condition" can lead to the conclusion that the expert's opinion on causation is fatally flawed even within the context of a motion for summary judgment (*Kallicharan v Sooknanan*, 282 AD2d 573, 574 [2001]; *see Pajda v Pedone*, 303 AD2d 729, 730 [2003]; *Ginty v MacNamara*, 300 AD2d 624, 625 [2002]). Here, however, the record reveals that plaintiffs' expert was aware of plaintiff's preexisting problems when he formed his opinion. Guerra relates the history of the accident given by plaintiff, opines that plaintiff's injury was "a direct result of the accident of February 4, 1998," and then adds that her injury "is separate and distinct from any pre-existing injuries that the patient may have had, * * * any pre-existing injuries had resolved prior to the February 9, 1998 exam, and were not responsible for the symptoms the patient exhibited during my treatment." While Guerra's opinions are necessarily based upon plaintiff providing a correct factual history, and both Guerra's opinions and plaintiff's history will, no doubt, be challenged in a probing cross-examination at trial, we believe that the evidence in the record regarding the cause of plaintiff's purported physical problems following the accident is sufficient to avoid summary judgment (*see Boehm v Mack*, 255 AD2d 749, 750 [1998]). We would thus reverse that part of the order that granted defendant summary judgment dismissing the complaint.

Cardona, P.J., concurs. Ordered that the order is affirmed, with costs.