■ ALISON L. WELLER, Appellant, v JAMES J. MUNSON, Respondent. [766 NYS2d 252] —Lahtinen, J. Appeals (1) from an order of the Supreme Court (Monserrate, J.), entered April 10, 2002 in Broome County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint, (2) from the judgment entered thereon, and (3) from an order of said court, entered November 26, 2002 in Broome County, which denied plaintiff's motion to renew.

On a Friday afternoon in late September 1997, defendant's vehicle struck the rear of plaintiff's vehicle while accelerating from a traffic light in the Town of Chenango, Broome County. Plaintiff was treated in a hospital emergency room for neck and back pain. Plaintiff testified at her examination before trial that she returned to college in Maryland the next Monday. Shortly thereafter, she sought treatment from Fredrick Lohr, whose medical records reflect that by December 1997, plaintiff had a "full range of motion of her cervical spine" and Lohr had released her to "full activity without restrictions." In October 1998, plaintiff was involved in a second accident in which her vehicle was struck from behind, again necessitating emergency room treatment. In February 1999, she commenced the current action against defendant.

Following disclosure, defendant moved for summary judgment dismissing the complaint upon the ground that plaintiff had not sustained a serious injury (*see* Insurance Law § 5102 [d]). Plaintiff cross-moved for partial summary judgment on the issue of liability. In April 2002, Supreme Court granted defendant's motion and denied plaintiff's motion as moot. Plaintiff made a motion to renew in September 2002, asserting, among other things, the existence of new medical evidence regarding the extent of her injuries. The motion to renew was denied. Plaintiff appeals.

In order to foster the legislative goals of the No-Fault Law, a plaintiff's serious injury claim must be supported by objective evidence (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 350 [2002]). On a motion for summary judgment, defendant has the threshold burden of establishing that a serious injury did not occur (*see Serrano v Canton,* 299 AD2d 703, 705 [2002]). The proof submitted in support of defendant's motion included portions of plaintiff's medical records and a detailed affirmation from the doctor who had conducted an independent medical exam of plaintiff and concluded that there was no objective evidence of impairment of function of the cervical spine or low back attributable to the accident. Plaintiff does not contend that defendant failed to meet his initial burden and, thus, the

analysis shifts to the proof produced by plaintiff in opposition to the motion.

Plaintiff maintains that she submitted sufficient proof to raise factual issues under three categories of serious injury: permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; and a nonpermanent injury under the 90/180 category (*see* Insurance Law § 5102 [d]). She relies primarily upon the affidavits of three doctors, Lohr, James Johnsen and Joseph White. Initially, we note that, under established precedent, these affidavits suffer substantial deficiencies since Lohr had not treated plaintiff for over three years when he executed his affidavit (*see Trotter v Hart,* 285 AD2d 772, 773 [2001]) and neither Johnsen nor White—both of whom commenced treatment of plaintiff well after the second accident—expressed any knowledge of that second accident in their short affidavits (*see McCreesh v Hoehn,* 307 AD2d 638, 638-639 [2003]; *Uber v Heffron,* 286 AD2d 729, 730 [2001]).

With respect to the claim under the 90/180-day category, the record reflects that plaintiff returned to her college studies three days following the accident and traveled to India as part of a college study group approximately three months later, after she had been released by Lohr to full activity without restrictions. The proof presented by plaintiff was clearly insufficient to create a factual issue as to whether her "usual activities were curtailed 'to a great extent rather than some slight curtailment' " (*Bennett v Reed,* 263 AD2d 800, 801 [1999], quoting *Licari v Elliott,* 57 NY2d 230, 236 [1982]).

Nor do we find ample objective evidence causally related to the accident to raise a factual issue regarding the remaining two categories of serious injury. Reports of plaintiff's X rays from 1997 and a CT scan from 1998, which were conducted after the first accident but before the second accident, did not reveal objective evidence of an injury. In addition to failing to mention plaintiff's second accident, Johnsen and White also failed to address these earlier tests in their affidavits and this omission is particularly problematic since they did not treat plaintiff until after her second accident. Johnsen stated that his opinion that plaintiff suffered from "chronic post-traumatic cervical and lumbar myofascial pain syndrome" was based, in part, on the results of an electrodiagnostic test. The results of that test, however, were normal. Although White referenced an MRI conducted in 2000, he failed to indicate any knowledge of the prior tests that were negative or the second accident. His opinion that plaintiff suffered a permanent consequential

limitation and a significant limitation was conclusory, merely mimicking the statutory language (*see Bennett v Reed, supra* at 801). We agree with Supreme Court that plaintiff failed to submit sufficient evidence to create a factual issue regarding serious injury.

Plaintiff further argues that Supreme Court erred in denying her motion to renew, which was premised upon an alleged change in the law and the availability of new medical proof. Initially, we find unpersuasive plaintiff's contention that the Court of Appeals decision in *Toure v Avis Rent A Car Sys.* (98 NY2d 345 [2002], *supra*) resulted in "a change in the law that would change [Supreme Court's] prior determination" (CPLR 2221 [e] [2]). Supreme Court's holding that plaintiff's original motion papers lacked adequate proof to defeat summary judgment rested upon a well-settled body of law that was not changed to plaintiff's benefit in *Toure*. Nor do we find that Supreme Court erred in determining not to grant renewal since the purportedly "new" medical evidence—appearing five years after the accident—failed to adequately address the deficiencies in proof that fatally infected plaintiff's original motion papers.

Crew III, J.P., Peters, Spain and Carpinello, JJ., concur. Ordered that the orders and judgment are affirmed, with costs.