■ CHARLES W. DURHAM et al., Appellants, v NEW YORK EAST TRAVEL, INC., et al., Respondents. [769 NYS2d 324]—

Carpinello, J. Appeal from an order of the Supreme Court (Demarest, J.), entered February 3, 2001 in St. Lawrence County, which granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff Linda Durham (hereinafter plaintiff) and her husband, derivatively, commenced this action to recover for personal injuries she sustained when her motor vehicle was rear-ended by defendant Gedney J. Gorgrant, who, in turn, had

been rear-ended by a van owned by defendant New York East Travel, Inc. and operated by defendant Tai An Kim. Gorgrant moved, and the remaining defendants cross-moved, for summary judgment, contending, among other things, that plaintiff did not sustain a serious injury under Insurance Law § 5102 (d). As is relevant here, Supreme Court found that the affidavit of plaintiff's treating physician was insufficient to raise a question of fact as to whether she had suffered a serious injury because his objective finding of a herniated cervical disc was unsupported by further objective medical evidence of observed limitations. The court granted defendants summary judgment dismissing the complaint, and plaintiffs appeal.

Plaintiffs concede on this appeal that defendants made prima facie showings of entitlement to summary judgment as a matter of law, so we are concerned only with whether plaintiffs met their shifted burden to raise a triable issue of fact (see Weller v Munson, 309 AD2d 1098, 1098-1099 [2003]; Serrano v Canton, 299 AD2d 703, 703 [2002]). As limited by their brief, plaintiffs contend that they met this burden by proffering evidence that plaintiff sustained a serious injury under the permanent consequential limitation of use and significant limitation of use categories.* Specifically, Steven Fish, an orthopedist who has been treating plaintiff since the accident, averred that an MRI taken one month after the accident revealed a "moderate to large" disc herniation in her cervical spine that was not present on a CT scan performed two months before the accident, and he opined that the accident caused the herniated disc. In an examination two years after the accident, Fish conducted unspecified range of motion tests and determined that plaintiff had only 50% of the normal range of motion in her neck. Fish concluded that this loss of range of motion was permanent because it existed two years after the accident and, thus, plaintiff had suffered a permanent consequential and significant limitation of use of her neck and cervical spine.

It is well settled that proof of a herniated or bulging disc, by itself, is insufficient to establish a serious injury (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 353 n 4 [2002]; Tornatore v Haggerty, 307 AD2d 522, 523 [2003]). However, once a herniated disc has been established by objective medical evidence, such as an MRI, CT scan or X ray, "an expert's designation of a numeric percentage of a plaintiff's loss of range of motion can

---

* Because plaintiffs have not briefed their claims under the 90/180-day and permanent loss of use categories under Insurance Law § 5102 (d), these claims are deemed abandoned (see Mrozinski v St. John, 304 AD2d 950, 951 [2003]; Santos v Marcellino, 297 AD2d 440, 441 [2002]).

be used to substantiate a claim of serious injury" (*Toure v Avis Rent A Car Sys., supra* at 350). While we have repeatedly held that a finding of reduced range of motion *alone* is insufficient to support a finding of serious injury because such a determination is based on subjective complaints of pain, the cases which so held were devoid of any independent objective medical evidence of a serious injury (*see e.g. McCreesh v Hoehn*, 307 AD2d 638 [2003] [X ray and MRI normal]; *Temple v Doherty*, 301 AD2d 979 [2003] [no abnormalities on postaccident X ray and MRI]; *Blanchard v Wilcox*, 283 AD2d 821 [2001] [X ray, CAT scan and MRI normal]; *Gillick v Knightes*, 279 AD2d 752 [2001] [X rays, MRI and other tests showed no injuries]; *Wiley v Bednar*, 261 AD2d 679 [1999] [subjective complaints not corroborated by X ray, MRI or other tests]). Accordingly, we reject defendants' contention that plaintiff's physician was required to identify further objective medical evidence not only of the herniated disc, but also of the 50% reduction in range of motion.

Here, there is independent objective medical evidence of an injury, namely, a postaccident MRI showing a herniated cervical disc. While Fish's affirmation parrots the statutory language in places and includes several conclusory assertions regarding the seriousness of disc herniations, he nonetheless does opine, based upon plaintiff's treatment history and his clinical examination, that the accident caused the disc herniation in plaintiff's cervical spine and that the resulting 50% loss of range of motion is permanent. In our view, this medical evidence, when coupled with the MRI showing the herniated disc, raises a question of fact sufficient to survive defendants' motions for summary judgment.

Cardona, P.J., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motions denied.