SHARIFF CHUNN, Individually and as Parent and Natural Guardian of SHARIFF CHUNN, JR., an Infant, Appellant, v DENNIS L. CARMAN, Respondent. [777 NYS2d 572]—

Carpinello, J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered October 20, 2003 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff (hereinafter the father) and his son were allegedly injured in a February 6, 2002 car accident. At issue on appeal is an order of Supreme Court granting defendant summary judgment on the ground that neither suffered a serious injury within the meaning of Insurance Law § 5102 (d). With respect to the son, we find that summary judgment was properly granted. We reach a contrary conclusion, however, regarding the father.

We begin by noting that defendant met his initial burden of establishing that neither the father nor his son sustained a serious injury within Insurance Law § 5102 (d). Defendant's orthopedic surgeon examined both and concluded that no objective medical findings supported their claims (*see e.g. Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Thus, the burden shifted to the father to come forward with evidence demonstrating a triable issue of fact that serious injuries had been sustained (*see id.*). The father attempted to do so with an affidavit of Eric Luper, a chiropractor who had treated both of them after the accident. With respect to the son, Luper's affidavit was deficient as a matter of law as his findings and opinions were not based on a recent examination (*see e.g. Davis v Evan*, 304 AD2d 1023, 1025 [2003]; *Trotter v Hart*, 285 AD2d 772, 773 [2001]). The last time that Luper had examined the son was some 16 months before signing his affidavit (*see Buster v Parker*, 1 AD3d 659, 660 [2003]; *Davis v Evan, supra* at 1025). Furthermore, the evidence concerning the son's purported curtailment of activities was woefully insufficient to establish any category of serious injury.

With respect to the father, we conclude that he successfully opposed defendant's motion with competent evidence raising a genuine question of fact as to whether he sustained a serious injury. Luper averred that the father's condition, which included

two disc herniations and a disc bulge, was permanent and causally related to the accident (*see Millick v Whatman*, 253 AD2d 996 [1998]; *Pietrocola v Battibulli*, 238 AD2d 864, 866 [1997]).* Moreover, according to Luper, the restrictions and limitations experienced by the father since the accident were significant and not subject to improvement. He opined that it is likely that the disc herniations will impinge on nerve roots thus requiring surgical intervention (*see Hassam v Rock*, 290 AD2d 625, 626 [2002]).

Luper's opinions were supported with objective medical findings and diagnostic tests, particularly magnetic resonance imaging studies conducted two months after the accident depicting cervical and lumbar disc herniations and the disc bulge. He also sufficiently detailed the resulting loss or limitation of motion by the father as a result of his condition (*see Durham v New York E. Travel*, 2 AD3d 1113, 1114-1115 [2003]; *Brewer v Maines*, 309 AD2d 1088, 1089 [2003]). Luper's affidavit, taken with the father's examination before trial testimony detailing his curtailment of activities, was sufficient to raise a question of fact as to whether he sustained a permanent consequential limitation or significant limitation of use of a body organ, member, function or system or a medically determined injury or impairment of a nonpermanent nature which endured for 90 days of the first 180 days following the accident (*see Owad v Mayone*, 299 AD2d 795 [2002]; *Hassam v Rock, supra*; *Evans v Hahn*, 255 AD2d 751 [1998]; *Hawkey v Jefferson Motors*, 245 AD2d 785 [1997]).

Mercure, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted defendant's motion dismissing the claims of plaintiff individually; motion denied to that extent; and, as so modified, affirmed.

(June 4, 2004)

---

* While Supreme Court found that Luper did not sufficiently causally relate the disc problems with the accident, this finding was based on a misinterpretation of Luper's affidavit. Although offering alternative explanations, Luper clearly opined that the accident itself was the cause of the father's disc injuries (*see Hawkey v Jefferson Motors*, 245 AD2d 785, 786 [1997]).