■ VALERIE COLEMAN et al., Respondents, v CYNTHIA WILSON et al., Appellants. [813 NYS2d 341]—

Appeal from an order of the Supreme Court, Erie County (Peter J. Notaro, J.), entered February 16, 2005. The order denied defendants' motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Valerie Coleman (plaintiff) when the vehicle driven by her collided with a vehicle owned by defendant Cynthia Wilson and driven by defendant Troy Bratten. Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury as a result of the accident within the meaning of Insurance Law § 5102 (d), i.e., under the permanent consequential limitation of use, significant limitation of use, or 90/180 categories of serious injury. Plaintiffs no longer contend that plaintiff sustained a serious injury under the permanent loss of use category. Although defendants met their burden of establishing by competent medical evidence that plaintiff's injuries do not qualify under the categories of serious injury allegedly sustained by plaintiff (*see Chunn v Carman*, 8 AD3d 745, 746 [2004]; *Dongelewic v Marcus*, 6 AD3d 943, 943-944 [2004]; *Zeigler v Ramadhan*, 5 AD3d 1080, 1082 [2004]), plaintiffs raised triable issues of fact with respect to those categories by presenting the requisite "competent medical evidence based upon objective medical findings and diagnostic tests" (*Barbagallo v Quackenbush*, 271 AD2d 724, 725 [2000]; *see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350-352 [2002]). Moreover, although defendants established that plaintiff's medical condition at issue was preexisting and was not exacerbated by the accident (*see Franchini v Palmieri*, 1 NY3d 536, 537

[2003]; *Shaw v Looking Glass Assoc., LP*, 8 AD3d 100, 102-103 [2004]), plaintiffs raised a triable issue of fact with respect to causation (*see Chunn*, 8 AD3d at 746-747; *Millick v Whatman*, 253 AD2d 996 [1998]). Present—Scudder, J.P., Kehoe, Smith, Green and Pine, JJ.