LINDA C. JEDRYSIK, Respondent, v PANORAMA TOURS, LTD., et al., Appellants. [824 NYS2d 848]—

Appeal from an order of the Supreme Court, Erie County (John P. Lane, J.), entered November 3, 2005. The order, among other things, granted in part plaintiff's motion for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by denying that part of the motion with respect to the third affirmative defense and reinstating that affirmative defense and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when the stopped vehicle in which she was seated was rear-ended by a tour bus owned by defendant Panorama Tours, Ltd. and driven by defendant John A. Perakis. Plaintiff moved for partial summary judgment on the issue of liability and sought to strike the affirmative defenses, which alleged, inter alia, that the culpable conduct of plaintiff contributed to the accident. Defendants cross-moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court granted plaintiff's motion in part, granting the motion "on the issue of negligence only" and dismissing two of the three affirmative defenses, and the court denied defendants' cross motion.

We conclude that the court properly granted that part of plaintiff's motion with respect to the issue of defendants' negligence. "It is well established that when the driver of an automobile approaches another automobile from the rear, he or she is bound to maintain a reasonably safe rate of speed and control over his or her vehicle, and to exercise reasonable care to avoid colliding with the other vehicle" (*Chepel v Meyers*, 306 AD2d 235, 236 [2003]). Here, the tour bus rear-ended the vehicle in which plaintiff was a passenger, which was stopped on the side of a three-lane highway. Thus, there is a rebuttable

presumption that defendants were negligent, and the burden shifted to defendants to present a nonnegligent explanation for the collision (*see Sheffer v Critoph,* 13 AD3d 1185, 1186 [2004]; *Ruzycki v Baker,* 301 AD2d 48, 49 [2002]; *Pitchure v Kandefer Plumbing & Heating,* 273 AD2d 790 [2000]). Defendants failed to meet that burden. The record establishes that the accident occurred in broad daylight and that, although the nonparty driver of the stopped vehicle may have not activated the vehicle's flashers, there was nothing impeding the tour bus driver's view of the stopped vehicle. The record further establishes that the attention of the driver of the tour bus was diverted just prior to the collision, while he was answering the question of a passenger, and he attempted to swerve to the left but did so too late to avoid the collision.

Contrary to defendants' further contention, the court properly granted that part of plaintiff's motion seeking to strike the first affirmative defense, which alleged that "plaintiff's culpable conduct contributed to the happening of the incident/accident." As a passenger in the stopped vehicle, plaintiff was not in a position to influence the manner in which either the driver of the tour bus or the nonparty driver of the stopped vehicle operated their respective vehicles. We agree with defendants, however, that the court erred in granting that part of plaintiff's motion seeking to strike the third affirmative defense, alleging that the culpable conduct of the nonparty driver of the vehicle in which plaintiff was a passenger "is a separate and complete defense to maintaining this action," and we therefore modify the order accordingly. Defendants submitted evidence raising an issue of fact whether the stopped vehicle of the nonparty driver was in a lane of travel.

Finally, we reject the contention of defendants that the court erred in denying their cross motion. Although defendants met their initial burden with respect to the various categories of serious injury allegedly sustained by plaintiff, we conclude that plaintiff raised an issue of fact with respect to each category by submitting the affidavit of the chiropractor who treated her after the accident. The opinions of the treating chiropractor were supported by the requisite objective medical findings and diagnostic tests (*see Chunn v Carman,* 8 AD3d 745, 747 [2004]; *Owad v Mayone,* 299 AD2d 795 [2002]; *Evans v Hahn,* 255 AD2d 751 [1998]; *see generally Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 350-351 [2002]). Present—Hurlbutt, A.P.J., Gorski, Smith and Centra, JJ.